Daniel, J.
 

 The Court is called upon to put a construction upon the deed mentioned in the bill, and to declare the respective rights of the several persons claiming interests under it. We have examined this very curiously framed deed, and have come to the following opinion, as to the rights of the several parties claiming' under it:
 

 First.
 
 That all the slaves mentioned in the deed, and their increase, are to remain in the possession of Claudius B. Wheeler, “
 
 to his own proper use,
 
 until the eldest •child gets married or arrives to twenty-one years of age.” This clause in the deed, we think, gives the legal interest to C. B. Wheeler in all the slaves, until the happening of either one or the other of the events mentioned in it. The words contained in the next following-parenthesis in the deed, are not to be taken as declaring an immediate trust for the benefit of Wheeler’s children, for such a construction would make void the antecedent declaration in the deed, that the slaves were to be to CL B. Wheeler, “
 
 Lo 1m own proper use, until,”
 
 &c. For
 
 *214
 
 if there bo two clauses in a deed repugnant or contradictory to each other, the fust shall stand and the other he rejected. 1
 
 Touch.
 
 88,
 
 sec. 7.
 
 Wc have said nothing of the gift in the deed to Mrs. Wheeler, because all the interest she bad was immediately vested in her husband, there being no separate estate, declared in the deed, for her benefit.
 

 Secondly.
 
 On the eldest of the children of O. B. Wheeler and his wife Anne, coming of age or marrying, all the slaves mentioned in the deed are to be equally divided between C. B. Wheeler and all his children then born. And the. share in the slaves allotted to O. B. Wheeler In this division, “ he is to have, hold, and possess,” to himself, his executors or assigns, during his own life and the life of his wife, then remainder as to this snare, to the children of Anne Wheeler, his wife.
 

 Thirdly.
 
 The settlor, expecting that the children would remain as members of their father’s and mother’s family, Until they either married or arrived at the age of twenty-one years, and that the slaves would all be divided among them, when the eldest child married or came of age (which •event would probably take placo before any of tbo younger children married) therefore attempts to appoint the father and mother guardians or trustees of their childrens property or shares in the said slaves, until they (the children) respectively marry or come of age. For the •deed says, “ and the said O. B. Wheeler, and his wife “ Anne, are to deliver each child’s part of the property
 
 “
 
 to each child, when they get'married or arrive at twen- “ ty-one years of age. And if
 
 all
 
 the children should die •“ without having a child or children, then (after the death “ of C. B. Wheeler and his wife), the property is to revert •“ and belong to the other children of the settlor, to-wit: " N. S. Chaffin, Elizabeth Chaffin, and Mary Taylor,” &c.
 

 It is very probable that the settlor intended, when lie penned the aforesaid clause in the deed, that if it should happen that all the children of his daughter, Mrs. Whee
 
 *215
 
 lev should die without children, then the said slaves should be to the use of Wheeler and wife for their lives, remainder to his (the settlor’s) other three children for life, then remainder to their children. But. it is unnecessary for us now to decide, what would, in law, be the effect of these ulterior limitations; for in no possible contingency could O. B. Wheeler (under the deed) get a larger interest in the slaves, than we have before mentioned. For, if
 
 all
 
 his (Wheeler’s) children should die without issue, and in his life-time, he could not, under the deed, take a life estate in all or any of the slaves by implication ; for the expróssion in the deed, (“ after the death of C. B. Wheeler and wife, the property is to revert”) would not give him a life estate, by implication, or in any other manner, unless it should be in _ right of his wife, as one of Nathan Chaffin’s next of kin.
 

 Fourthly.
 
 The interest of C. B. Wheeler in
 
 all
 
 the slaves, until the period of division, was liable, at law, to be sold in execution, or assigned by him for the benefit of his creditors, or for his own benefit. And so, likewise, is the share of Wheeler in the slaves, to be ascertained by division at the proper time, liable to execution, or assignment by him, for the lives of himself and wife.
 

 Fifthly.
 
 The complainants are the
 
 cestuis que trusts
 
 of the slaves, subject to the particular interest of their father in the same, as aforementioned. And we think, that they have a right, under the circumstances of the case, to have their interest in the same secured, so that it shall certainly be forthcoming to them, when their father’s interest in the said slaves, of any of them, shall have expired.
 

 Sixthly.
 
 It is unnecessary, now, for this Court to remark upon the last clause in the deed of settlement; which directs, that those children, who may receive shares, on the division of the slaves as aforesaid, shall contribute to make up shares to any after born children of Mrs. Wheeler. For the bill is framed with a view only,
 
 first,
 
 to ascertain
 
 *216
 
 the exact interest of Wheeler in the fund; and,
 
 secondly,
 
 with a view, that the residue of the fund, after his interest is ascertained and taken out, may be secured for the benefit of the present and all after born children of Mrs. Wheeler. We think, that the injunction should be held up, and continued, until such security shall be given to the satisfaction of the Court.
 

 Seventhly.
 
 It is also improper, upon these pleadings, to say, which of the two, Nathan L. Chaffin or Locke, will be entitled, upon the division of the negroes between Wheeler and his children, to the share that may fall to Wheeler and wife. At present, each of those persons is entitled to the profits of the negroes, purchased by him,, and will be so entitled as long as V/heeler would have been to the whole profits. But when the division shall take place, which of them is to be preferred or how they are to divide between themselves, must be determined at that time, or when they shall raise the question as between themselves.
 

 Per Curiam.
 

 Decreed accordingly.