STEPHEN B. LOVEJOY *vs.* LEVI M. GASKILL.

January 10, 1883.

**Deed—Description Construed.**—A deed conveyed " all the tract or parcel of land  *   *   * in the county of Hennepin  *   *   * described as follows, to wit, 60 acres of the west side of lot 6 of section 10, and lot 1, and S. W. ¼ of S. W. ¼ of section 11," in a given township and range. The three subdivisions named formed one body of land, lot 6 lying immediately west of both the other subdivisions. Deed construed as a conveyance of 60 acres off the west side of the body of land composed of the three subdivisions named, and not a conveyance both of such 60 acres and also of the two easterly subdivisions.

Appeal by defendant from an order of the district court for Hennepin county, refusing a new trial after a trial before *Young*, J., without a jury.

*Rea, Woolley & Kitchel,* for appellant.

*Boardman & Ferguson,* for respondent.

DICKINSON, J.* Action of ejectment. The land in controversy is the southwest quarter of the southwest quarter of section eleven, (11,) township one hundred and twenty, (120,) range twenty-two, (22,) and lot (governmental) one in the same section. Lying west of and adjoining these two subdivisions is lot six, in section ten, (10.) One Hatch was the owner of all this land in 1861, and from him both parties claimed to have derived title to the land in question through mesne conveyances. The rights of the parties depend upon the construction of a deed from Hatch to one Crawford, in 1861, through which plaintiff claims title. Unless that deed conveyed lot 1 and the S. W. ¼ of the S. W. ¼ of section 11—the property in controversy—the defendant acquired title to the same through a deed executed by Hatch to one Wilber, in 1862. In the deed from Hatch to Crawford the property conveyed is described in the following language: "All the tract or parcel of land, situate, lying, and being in the county of Hennepin, in the state of Minnesota, known and described as follows, to wit: Sixty acres of the west side of lot number six, (6,) of section ten,

* Gilfillan, C. J., because of illness, took no part in this case.

(10,) and lot number one, (1,) and S. W. ¼ of S. W. ¼ of section eleven, (11,) in township number one hundred and twenty, (120,) range twenty-two, (22.)"

The learned judge who tried the cause construed this deed upon its face as being a conveyance of the three governmental subdivisions named. We do not so construe the deed, but think that upon its face it is a conveyance of 60 acres off the west side of the body of land composed of such subdivisions. For the purpose of intelligently construing the terms employed by the parties, and thus ascertaining and giving effect to their expressed intention, we are to consider the situation of the lands described in the deed or claimed to be conveyed thereby. The following diagram shows the situation of these lands:

It is thus seen that the three subdivisions form one compact body of land, bounded on the north by the Mississippi river, and that the area of lot 6 is indeterminable except by actual survey, from the fact that the boundary lines consist, in part, of the irregular shore of a meandered river.

In construing the deed it is apparent that effect must be given to it, either (1) as a conveyance of 60 acres off the west side of lot 6, and also a conveyance of lot 1 and the S. W. ¼ of the S. W. ¼ of

section 11; or (2) as a conveyance simply of 60 acres of land off the west side of the body of land composed of the three subdivisions named. That construction of the deed should be adopted which is consistent with all of the terms of description employed by the parties for the purpose of designating the subject of the grant, rather than one which is inconsistent with some of those terms; although, by applying the principle, *falsa demonstratio non nocet*, the latter construction would be otherwise reasonable. If the terms "all the tract or parcel of land" are given their natural and most obvious meaning, they indicate that the conveyance intended to be made was of *one* tract or parcel of land, not *several* tracts or parcels. Yet, if lot 6 in fact contained over 60 acres of land, there would remain in the grantor, unconveyed, a strip along the eastern side of it, and separating the granted 60 acres from the other subdivisions named. This being so, the construction for which plaintiff contends would make the deed to be a conveyance of two distinct tracts or parcels of land, geographically separate from each other. This is not consistent with the terms granting "the tract or parcel" described.

On the other hand, if lot 6 in fact contained less than 60 acres of land, the conveyance of 60 acres off the west side of it would be impossible, and the description absurd, if used with a knowledge of the fact. So, too, if it contained just 60 acres, a conveyance of 60 acres off the west side of it would be equally unreasonable as a mode of description. So, then, to construe the deed as conveying all of such governmental subdivisions, excepting so much of lot 6 as might remain after taking off the 60 acres, is to reject one of the terms used in designating the land, or else to make the description impossible and absurd in another respect. The deed does not require an unnatural application of terms, or a rejection of any of them, to make clear its meaning. The construction by which it is read as a grant of 60 acres off the west side of the body of land described as composed of the three governmental subdivisions, is not inconsistent in any respect with the terms used, nor in any respect unreasonable; and if, in fact, the precise area of lot 6 was unknown to the parties, so that it might be contemplated as possibly being more or possibly less than 60 acres, the form of description used was the most natural one for

the purpose of a grant of the west 60 acres in the body of land described. We are satisfied that, upon its face, the deed should be thus construed. But it does not appear by proof or by findings of the court whether such grant of 60 acres would (by reason of lot 6 being in area, at the time of the conveyance, less than 60 acres) embrace any part of the two governmental subdivisions in question, and there must hence be a new trial; otherwise, final judgment might have been entered for the defendant.

Order reversed.