## MURPHY v. MURPHY.

(Filed April 21, 1903.)

DEEDS—*Construction—Description.*

> Where the owner of a one-fifth undivided interest in a tract of land executes a deed purporting to convey his entire interest in the land, but refers to his interest as a one-sixth undivided interest, such deed passes his entire interest in the land.

ACTION by Thomas Murphy and wife against Clarence Murphy and others, heard by Judge *Thomas J. Shaw* and a jury, at September Term, 1902, of the Superior Court of ROWAN County.    From a judgment for the defendants, the plaintiffs appealed.

*Craige & Craige,* for the plaintiffs.
*Overman & Gregory,* for the defendants.

CONNOR, J.    This was a special proceeding commenced in the Superior Court of Rowan County for the sale of a lot of real estate in the city of Salisbury, known as the "Murphy's Granite Row," upon which is located four store houses.    The answer filed by the defendants denied the material averments in the complaint, whereupon issues were drawn and the cause transferred to the Superior Court in term for trial. Thereafter the cause was referred to Hon. Armistead Burwell to hear and determine all issues of law and fact and report his conclusions to the court.    So much of the report

as is material to the decision of the question presented upon the appeal is:

"1.   That the property described in the petition as Murphy's Granite Row was the property of William Murphy and upon his death in the year 1867 the plaintiff, Thomas Murphy, became the owner of one undivided sixth part thereof in fee simple."

"2.   That upon the death of Jane Murphy in December, 1871, Thomas Murphy inherited one-fifth part of her one-sixth part of said property and thereafter and up to January 4, 1873, was seized and possessed of one undivided fifth of said Murphy's Granite Row."

On January 4, 1873, the plaintiff Thomas Murphy and his wife executed a deed to Mrs. Susan W. Murphy, conveying "to her and her heirs and assigns all his interest in a lot of land lying in the County of Rowan and State of North Carolina, bounded as follows: Situate in Main street in the town of Salisbury and known as "Murphy's Granite Row," the interest of the party of the first part in and to said real estate being one undivided sixth interest therein.   And all of the estate, right, title, interest, claim or demand, dower and right of dower in law or equity, or otherwise howsoever, of the said Thomas Murphy, party of the first part, of, in and to the same, and every part and parcel thereof," etc.

It appeared that subsequent to the execution of said deed the plaintiff became the owner of one-twentieth undivided interest in said real estate.

The referee found as a conclusion of law: "That the effect of the deed dated January 4, 1873, executed by the plaintiff Thomas Murphy and delivered to Mrs. Susan W. Murphy is such that she thereby acquired a good title in fee to all of the interest in the said 'Murphy's Granite Row,' which Mrs. Murphy owned at this date, to-wit, one undivided fifth part thereof."

To this conclusion of law the plaintiff duly excepted. The exception upon the hearing before his Honor, Judge Neal, was overruled and the report of the referee confirmed. Plaintiff excepted and appealed.

The solution of the single question presented upon the exception is dependent upon the construction of the deed from Thomas Murphy to Mrs. Susan W. Murphy.

There are well settled rules adopted by the courts in construing doubtful or ambiguous expressions in deeds. Those which will aid us in the solution of the question presented are:

1.   That the entire deed must be read and such construction of particular clauses be adopted as will effectuate the intention of the parties as gathered from the whole instrument.

2.   That such construction shall be adopted as will, if possible, give to every portion thereof effect.

3.   That when terms are used which are clearly contradictory the first in order shall be given effect to the exclusion of the last.   *Wheeler v. Wheeler,* 39 N. C., 210; 4 Am. & Eng. Enc. (2d Ed.), 800.

4.   That when language is of doubtful meaning, that construction shall be put upon it which is most favorable to the grantee.   *Cox v. McGowan,* 116 N. C., 131.

"Contradictory descriptions in a deed, one of which is sufficient to distinguish the thing granted, shall not frustrate it, but if the descriptions can be reconciled, both must stand." *Sheppard v. Simpson,* 12 N. C., 237.

"If there is a full and clear description contained in one part of a deed, and in another part one·less clear and full which can not be reconciled with the first, the weaker shall give way, and if it can not be disposed of otherwise, entirely rejected.   Thus, if A grant to B 'Blackacre' which he purchased of C, 'Blackacre' will pass, although A purchased it

of B and not of C." Henderson, J., in *Sheppard v. Simpson, supra.*

"Where there is a general description as to the property conveyed followed by a definite and particular description, the latter will control; as if a deed convey land known as the 'Mount Vernon Place' followed by a specific description setting forth metes and bounds, the latter would control and such land would pass as is included therein." *Cox v. McGowan, supra.*

In *Dodge v. Walley*, 22 Cal., 225, 83 Am. Dec., 61, the language of the deed was: "All right, title and interest of said Daniel S. Clark, etc. in and to the following described property, to-wit," etc. This was followed by a more particular description. There being some controversy as to what passed under the deed, the court said: "It distinctly conveys 'all the right, title and interest of the said Daniel S. Clark' in and to the ranch. If it stopped here, there could be no room for doubt as to its meaning. To this point it clearly conveys all the interest of Clark in the property, which would carry the interest he acquired from Walley and every other person. The latter part of the description where it says 'being a leasehold unexpired,' etc. are not words limiting the extent of the previous terms of conveyance, or excepting out any interest conveyed by the previous terms, but merely a statement of the officer and grantor of what he supposed or understood was the nature and character of the interest of Clark. He uses no terms limiting or confining his conveyance to such unexpired leasehold interest. If he had used such terms, it would have presented a case of greater difficulty, but in the absence of language qualifying or limiting the general terms conveying all his interest, we would not be justified in restricting the conveyance as contended by the appellant. Deeds are always to be construed most strongly against the grantor where there is any ambiguity or uncertainty."

In *McLennon v. McDonnell,* 20 Pac. Rep. (Cal.), 566, the deed conveyed "all the right, title and interest of the party of the first part, the same being a one-half undivided half interest in and to the following described property," etc. whereas the grantor in fact owned a larger interest than one-half. The court said: "This deed clearly conveys 'all the right, title and interest' of Campbell. The words 'being a one-half undivided interest' are not words limiting the extent of the previous terms of conveyance or excepting out any interest conveyed by the previous terms."

In *Moran v. Somes,* 28 N. E. Rep. (Mass.), 152, it is said: "We think the deed from Somes to Rand must be held to convey all the interest which the grantor had at the time of its execution and delivery in the tract described in it. It must be taken most strongly against the grantor, and the words 'all my right, title and interest' are not to be cut down by the subsequent reference to the two deeds, and the statement that his interest in the estate is three undivided fifths, which may well have arisen from forgetfulness, was evidently a mistake." See also *Green v. Hewett,* 55 Wis., 96; 42 Am. Rep., 701.

The construction which we have adopted is very much strengthened by the language following the description, "and all of the estate, right, title, interest, claim, demand, dower and right of dower, in law or equity or otherwise howsoever, of the said Thomas Murphy, party of the first part, of, in and to the same," etc. This language is inconsistent with the idea that he was conveying or intended to convey any less than his entire interest and estate in the land.

The reasoning of the court in the cases cited leads us to the conclusion that the judgment should be affirmed.

*Per Curiam.* Affirmed.