[No. 10438.  *En Banc.*  October 18, 1913.]

PATRICK GOLDEN *et al.*, *Respondents*, v. PILCHUCK TRIBE
No. 42, IMPROVED ORDER OF RED MEN, *Appellant*.[1]

DEEDS—DESCRIPTION—CONSTRUCTION—WHOLE INTEREST OR MOIETY.
Where a deed recited that the grantor conveyed the following des-
cribed "tract, lots or parcels of land" . . . to wit: "*his* one-half
undivided interest" in lots one, two, three and four of block 623 "*of
Everett*" and lots 19 and 20 of block 625 of Everett, the intention is
clear to convey the entire title to the last two lots and not merely a
half-interest therein; since the words "his one-half interest" did not
precede the general phrase "tract, lots or parcels of land" and indi-
cate that he was conveying his entire interest in the lots first
described, the description of which is completed by the words "of
Everett;" and the words "and lots 19 and 20" introduce a new descrip-
tion having for its antecedent the general phrase "tract, lots or par-
cels" etc. (overruling on rehearing, Id., 71 Wash. 581).

Appeal from a judgment of the superior court for Sno-
homish county, W. P. Bell, J., entered October 20, 1911, upon
findings in favor of the plaintiffs, in an action to quiet title.
Reversed.

*Coleman, Fogarty & Anderson*, for appellant.
*Cooley & Horan* and *R. Mulvihill*, for respondents.

ON REHEARING.

GOSE, J.—This is an action to quiet title to two vacant lots
in the city of Everett.  The plaintiffs were successful in the
court below.  The defendant has appealed.  The case was first
heard before Department One, and the judgment was re-
versed.  *Golden v. Pilchuck Tribe No. 42, I. O. R. M.*, 71
Wash. 581, 129 Pac. 93.  It was later reheard *En Banc.*

Both the respondents and the appellant claim title through
Charles D. Sweeney.  In the month of January, 1896,
Sweeney, a single man, conveyed certain property to the re-

[1]Reported in 135 Pac. 819.

spondents by a deed of warranty containing the following description:

"Does by these presents grant, bargain, sell, convey and confirm unto the said parties of the second part, and to their heirs and assigns, the following described *tract, lots* or *parcels* of land, situate, lying and being in the county of Snohomish, state of Washington, and particularly bounded and described as follows, to wit:

"*His* one half undivided interest in lots one (1) two (2) three (3) and four (4) in Block Six Hundred twenty-three *of Everett* (623) and Lots nineteen (19) twenty (20), Block Six Hundred twenty-five (625) of Everett as shown upon the plat thereof filed for record in the county Auditor's office in and for said county."

Sweeney died about three years later. Appellant claims an undivided one-half of lots 19 and 20, in block 625, through mesne conveyances from the administrator of the Sweeney estate.

The single question presented is, Does the deed from Sweeney to the respondents convey lots 19 and 20 in entirety, or does it convey only a moiety? We think the deed itself shows a clear intention to convey the lots in entirety. This intention is manifested by the words which we have italicized. The words "his one half" in the beginning of the description are both unusual and significant. They conduct the mind to the thought that the grantor was conveying his entire interest in the lots first described. The words "of Everett" following this description are even more significant. They complete the description of the lots preceding. We are inclined to give them more weight than we would attach to a semicolon or other punctuation mark. The words following them "and lots 19 and 20" introduce a new description or subject which have for their antecedents the words "tract, lots or parcels of land." The only office of interpretation as applied to contracts is to discover the intention of the contracting parties. Many rules have been formulated by the courts as aids to this end.

"That construction of the deed should be adopted which is consistent with all of the terms of description employed by the parties for the purpose of designating the subject of the grant, rather than one which is inconsistent with some of those terms." *Lovejoy v. Gaskill,* 30 Minn. 137, 14 N. W. 583.

This interpretation is supported by the following authorities: *Hodges v. Thayer,* 110 Mass. 286; *Child v. Wells,* 13 Pick. 121; *Murphy v. Murphy,* 132 N. C. 360, 43 S. E. 922; *Michon v. Ayalla,* 84 Tex. 685, 19 S. W. 878. The descriptive words under consideration and the meaning ascribed to them in *Hodges v. Thayer, supra,* sufficiently appear from the following excerpt from the opinion:

"The general phrase applied to the premises is, 'All those tracts or parcels of land situate,' &c., 'described as follows.' The first particular description is of 'one equal and undivided one half part' of certain tracts, defined by number of township, range, section and lot, or fraction of section, indicated by points of compass. Then, after a semicolon, the description proceeds, 'also, lots three and four' &c.

"The fact that the statement of the undivided half interest is contained only in one of the clauses of particular description, and that the whole is preceded with the general phrase, 'All those, tracts or parcels,' indicates that the statement of partial interest was not also applicable to all the tracts contained in the deed; or, to state it differently, the absence of the qualifying words, in the general terms of the description, indicates that they were not applicable generally to all the tracts."

In the former opinion, in commenting on *Hodges v. Thayer,* the court said:

"This decision we think comes nearer lending support to the contention of counsel for respondents than any other coming to our notice. It is to be noticed, however, that each description involved was by a clause separated from the others by a semicolon." *Golden v. Pilchuck Tribe No. 42, I. O. R. M.,* 71 Wash. 581, 129 Pac. 93.

This court also adverted to and emphasized the fact that there was but one clause following the words "his one half

undivided interest" without any punctuation whatever. The significance of the words "of Everett" following the lots first described, was neither adverted to nor commented upon in the first opinion. Reference may be had to that opinion for a fuller statement of the facts.

For the reasons stated, a majority of the court are of the opinion that a wrong construction was put on the deed in the first opinion, and it is overruled. The view we have taken makes it unnecessary to consider the rule of *caveat emptor* as applied to sales in probate.

The judgment is affirmed.

MOUNT, FULLERTON, ELLIS, and MAIN, JJ., concur.