J. I. DEAVER v. ENTERPRISE LUMBER COMPANY.

(Filed 15 March, 1916.)

**Deeds and Conveyances—Timber—Remaining Interests—Description.**

One having acquired one-third of the standing timber upon lands to be cut, etc., in ten years, afterwards acquired a deed from the then owner of the entire tract of land, in which the timber conveyed was described as "all the interest of the party of the first part in said timber, one-third of said timber having been conveyed," etc., for a period of twenty years. *Held*, the grantee acquired full title of his grantor in all of the timber for the stated period of twenty years.

APPEAL by defendant from *Allen, J.,* at January Term, 1916, of DUPLIN.

*Gavin & Wallace for plaintiff.*
*Stevens & Beasley for defendant.*

CLARK, C. J. The following are the agreed state of facts: Isaac Kornegay, Zilphia A. Kornegay, and Mary E. Kornegay were owners in fee and tenants in common of the land described in the complaint. On 18 March, 1892, Isaac Kornegay executed a conveyance of the timber on said land to S. Q. Collins for the period of twenty years, and by mesne conveyances the interest of said Collins passed to the Cape Fear Lumber Company, who owned the same on 31 May, 1902, and until after 14 October, 1908.

On 31 May, 1902, John H. Westbrook, who had become the owner by mesne conveyances from the said Isaac, Zilphia, and Mary E. Kornegay of the lands described in the complaint under a deed "excepting one-third interest in the timber sold by Isaac Kornegay to S. Q. Collins," conveyed to the Cape Fear Lumber Company "all the timber of every description of and above the size of 12 inches in diameter at the base, when cut, now standing or growing or which may be lying, standing, or growing during the ensuing term of twenty years upon the following described tract of land" (here follows the description), adding at the end thereof: "The said lands are known as the Isaac Kornegay lands, and the timber herein conveyed is *all the interest of the party of the first part in said timber,* one-third of said timber having already been conveyed to S. Q. Collins by Isaac Kornegay and now owned by the Cape Fear Lumber Company." Then followed a general warranty. This was recorded 6 June, 1902.

On 14 October, 1908, the said Westbrook executed to the plaintiff J. I. Deaver a deed in fee for the land described in the complaint. Thereafter the Cape Fear Lumber Company conveyed all its interest in the

timber on said lands to the Enterprise Lumber Company, who on 1 May, 1913, entered on said tract and cut and removed all the timber thereon above the prescribed size.

The plaintiff contends that he is entitled to one-third in value ($300) of the said timber removed by the said defendant, which it is agreed was worth $900.

The decision of this case depends upon the construction of the above timber deed executed on 31 May, 1902, by John H. Westbrook to the Cape Fear Lumber Company, in which he conveyed the timber on said land for the period of twenty years, with the privilege to cut and remove the same, with the following description: "The timber herein conveyed is *all the interest of the party of the first part* in said timber, one-third of said timber having already been conveyed to S. Q. Collins by Isaac Kornegay and now owned by the Cape Fear Lumber Company."

It is apparent from this that Westbrook conveyed all his interest in said timber, subject only to what had already been conveyed by Isaac Kornegay to Collins, and which was then already owned by Cape Fear Lumber Company. What was the interest of Westbrook at that time? He had title in fee to all the timber, subject only to aforesaid conveyance of one-third, which would expire on 18 March, 1912. He conveyed "all his interest" for twenty years and put the title thereto in the Cape Fear Lumber Company as absolutely as he owned it himself. *Murphy v. Murphy,* 132 N. C., 360. He conveyed to the Cape Fear Lumber Company all the timber "now standing or growing, or which may be lying, standing, or growing *during the ensuing twenty years*" on said tract, except the interest therein which the grantee had already acquired in one-third of the timber, which would expire in less than ten years from that date. That is to say, the grantor owned the fee-simple interest in the timber, subject to the previous conveyance of one-third thereof for the unexpired ten years. As he conveyed "all his interest" to the Cape Fear Lumber Company by the conveyance, the latter acquired the absolute interest for twenty years in two-thirds and the interest in the other third after the expiration of the one-third interest on 18 March, 1912. It is not reasonable to suppose that the grantee, the Cape Fear Lumber Company, which already owned one-third of the timber under a lease which would expire in less than ten years, took a conveyance of the other two-thirds interest for twenty years and left the reversion in this one-third after the expiration of the ten years lease (which the grantee already held) untouched. The grantor described his interest in the timber as entire except as to said unexpired ten years lease, and conveyed "all *his interest*" for twenty years.

The Cape Fear Lumber Company having conveyed to the defendant, it was within its right in cutting the timber after 18 March, 1912, by

virtue of the aforesaid conveyance of Westbrook in March, 1902, of "all his interest" in said timber.

Upon the facts agreed, the judgment should have been entered in favor of the defendant.

Reversed.