JOHN W. B. WATSON v. ORREN L. DODD.

Contingent interests, such as contingent remainders, conditional limitations and executory devises are not liable to be sold under execution. Hence where land was devised to A for life, and at his death to such of his children as might then be living, and the issue of such as might have died leaving issue, and if A should die without issue living at his death, then to B in fee: *It was held* that while A was living unmarried and without children, the contingent interest of B in the land could not be sold under execution, nor made available in any other way to the payment of a judgment against him.

(*Watson* v. *Watson*, 8 Jones Eq. 400, cited and approved.)

This was a CIVIL ACTION, brought by the plaintiff in the Superior Court of WAKE county, to subject the interest which the defendant had in certain land situate in the said county to the payment and satisfaction of a judgment which he had obtained against him and had docketed in said Court. The interest of the defendant in the said land was derived under a clause in the will of Josiah O. Watson, deceased, which devised it to John W. B. Watson, to have and to hold during his life, and at his death to such children of the said John W. B. Watson as might be then living, and the isssue of such as might have died leaving issue; with the provision, that if the said John W. B..Watson died without issue living at his death, the said land should be equally divided between the defendant, Orren L. Dodd, and three other persons.

Upon this statement of facts, his Honor, *Judge Watts*, at the Fall Term, 1872, of said Court, being of opinion that the interest of the defendant in the said land was not subject to sale under execution issued on the judgment, adjudged that the plaintiff was not entitled to the relief which he demanded and that his suit be dismissed; from which judgment he appealed.

*E. G. Haywood* and *Moore & Gatling*, for plaintiff.
*E. W. Pou*, for defendant.

PEARSON, C. J.  In *Watson* v. *Watson,* Jones' Eq. 400, it is said by Judge BATTLE, in reference to the will of Josiah O. Watson, which is now under consideration: "John W. B. Watson is tenant for life, with a contingent remainder in fee to his children who may be living at his death, and to the issue of such children who may have died in his life time; with 'an executory devise' over to the defendants in the event of his dying without leaving issue."  It was not necessary to decide whether the limitation over to the defendants was a contingent remainder or an executory devise, for that case turned upon the power of the Court to convert the fund, and the difficulty was in respect to the rights of the children unborn of John W. B. Watson the tenant for life, to whom a contingent remainder in fee is limited; and it is held that the Court has no power to convert the fund, although the tenant for life, and the takers of the ultimate estate, in the event that the contingent remainder did not take effect, applied for and consented to a sale for conversion.

It would seem that the ultimate limitation is a contingent remainder and not an executory devise, for it is not to take effect in derogation of the preceding estates, which is the characteristic of a conditional limitation and an executory devise; but is to depend on and await the termination of the preceding estates, which is the characteristic of a contingent remainder.

It is however not necessary to decide the question, for the same principle applies to contingent remainders and executory devises in respect to the question presented by this case, to-wit: The power of a Court of equity to compel a sale for the satisfaction of creditors of the expectant interest of the claimants under the ultimate limitation, whether it be a contingent remainder or an executory devise.

In *Watson* v. *Watson, supra,* it is held that the Court has no power as against the first takers of the estate by way of

34

contingent remainder, to order a sale for the purpose of conversion.

We are of opinion that the Court has no power to subject this expectant interest of a claimant under the ultimate limitation to sale on execution. A contingent remainder, conditional limitation or executory devise, where the person is certain, is transmissible by descent. But such interests are not assignable at law, for the reason that in every conveyance there must be a grantor, a grantee and a thing granted—that is, an estate, and such contingent interests do not amount to an estate, but are mere " possibilities coupled with an interest." It is held in the old cases, that such contingent interests cannot be devised, as a devise is a species of conveyance, but by the later cases they are held to be devisable, upon the wording of the statute of devises, a devise being in effect a mere substitution of some person to take in place of the heir. *Jones* v. *Doe*, 3 Term Rep. 93.

Such contingent interest not being assignable at law, it follows as a matter of course that they cannot be sold under execution.

If one entitled to a contingent interest of the kind we are treating of, assigned it and received therefor a valuable consideration, and there was no fraud or imposition, and the estate afterwards vested, a Court of Equity would compel the assignor to make title, or else would hold the estate a security for the consideration paid, according to circumstances under its jurisdiction of specific performance of executory contracts.

This action is based upon the idea that inasmuch as the party can make an assignment of his contingent interest, which equity will enforce, provided the estate afterwards becomes vested, a Court of Equity has power to subject such interest to the claims of creditors by ordering a sale. The action is of the first impression, no authority was cited in support of the position, and we presume the diligent coun-

sel of the plaintiff was unable to find a case in which the power was ever exercised. This, as is said in *Watson* v. *Watson, supra,* is conclusive to show that the Court has no such power.

When one has a resulting trust, for instance a debtor, who has executed a deed in trust to secure certain creditors, such resulting trust cannot be sold under execution, but a Court of Equity will subject it to the satisfaction of debts not secured by compelling a sale of the property and the application of the excess, but then the property is sold and the purchaser acquires a title. In our case the idea is not to sell the property, but to sell " the possibility coupled with an interest," which may or may not become afterwards a vested estate, and the purchaser would acquire nothing but a right to have a specific performance, treating the sale as being in effect a mere executory agreement. It is clear that such a possibility would sell for little or nothing, as no one would bid except the holder of the first estate, for the purpose of extinguishing the limitation. The party may, if he choose, enter into such an executory agreement to convey, provided the estate vests, but there is no principle upon which a Court of Equity can compel him to make an agreement.

The judgment is affirmed.

PER CURIAM.                    Judgment affirmed.