J. W. B. WATSON v. W. T. SMITH, Trustee.

*Will—Executory Devise—Remainder—Assignment of Contingent Interest.*

1. A testamentary disposition will never be construed to be an executory devise if it is possible to give it effect as a remainder.

2. Under a devise to W. for life, and at his death to such child or children of W. that might then be living, and should he die without issue then to G., concurrent contingent remainders were created for the use of the children of W. and the said G., the latter to take effect in the event the limitation to the former should fail to take effect.

3. An assignment of an interest in an executory devise or contingent remainder will be enforced in equity, if free from fraud and founded upon a valuable consideration.

This was a CONTROVERSY submitted without action at Spring Term, 1892, of WAKE Superior Court, *Connor, J.,* presiding.

The question presented arose in the construction of item 15 of the will of Dr. J. O. Watson, which was in the following words:

"Lastly, all the rest and residue of my estate, real and personal, not herein and hereby disposed of with effect, I do hereby devise and bequeath as follows: After paying all of my just debts, legacies and funeral expenses, and the charges for settling my estate and executing this will, I give the whole unto my nephew John W. B. Watson, to have and to hold to him and his use for and during the term of his life, and at his death the said estate, both real and personal, shall belong to such child or children of the said John W. B. Watson as may be living at his death, or the issue of any child who may pre-decease him. And if the said John W. B. Watson should die without issue living at his death, then the said estate, both real and personal, shall belong in fee-

simple and be equally divided amongst George W. Watson, William H. Watson, Henry B. Watson and Owen L. Dodd, and their heirs forever."

His Honor being of opinion with the plaintiff, gave judgment accordingly, and the defendant trustee appealed.

*Mr. G. V. Strong*, for plaintiff.
*Mr. F. H. Busbee*, for defendant.

SHEPHERD, J.: The particular provision in the will of J. O. Watson, the construction of which is involved in this controversy, is by no means a stranger to this Court. In *Watson* v. *Watson*, 3 Jones Eq., 400, the Court declared that the land, being limited by way of contingent remainder to persons not *in esse*, it had no power to order a sale for the purpose of converting it into more beneficial property. In *Watson* v. *Dodd*, 68 N. C., 528, it was held that the contingent interest of one of the devisees expectant upon the death of the life-tenant without issue, could not be subjected to the payment of his debts. The question now presented is whether the interests of such devisees are assignable by deed, either in law or equity. The limitation was to John W. B. Watson for life, and at his death to such child or children of the said John as might then be living; but should he die without issue living at his death, then to be equally divided between George W. Watson, William H. Watson, Henry B. Watson and Owen L. Dodd, and their heirs forever. What interests did these last-named persons take under the will? In the first of the cases above cited, it was said that the limitation was to John for life, with a contingent remainder to such of his children as might be living at his death, and that the persons above mentioned were to take by way of executory devise in the event of a failure of issue upon the death of the life-tenant.

In the latter case it was suggested, though not decided, that the limitation to these persons was a contingent remainder. In this view we entirely concur. An executory devise is strictly such a limitation of a future estate or interest in lands as the law admits in the case of a will, though contrary to the rules in limitations in conveyances at common law, but it is never construed to be such, if it is possible that it should take effect as a remainder. Fearne, Con. Rem., 368, 393. The limitation in question does not take effect after the limitation to the expectant issue, but upon the regular determination of the particular life-estate, and therefore must be a remainder. It is true that the limitation to the issue is also a remainder in fee, and it is a rule of law that no remainder can be limited after a fee, but, as we have seen, the other limitation is not expectant upon the determination of the estate limited to the issue, but upon the determination of the estate of the life-tenant without issue.

In *Goodright* v. *Dunham,* 1 Doug., 265, the will was in these words: "I give my messuage, etc., to my son J. S. for life, and after his death unto all and every his children equally, and to their heirs; and in case he dies without issue, I give the said premises unto my two daughters and their heirs, equally to be divided between them." It was determined that "both devises were contingent remainders in fee." See also *Loddington* v. *Kyme,* 1 Ld. Raymond, 203; *Bannister* v. *Carter,* 3 Bro. Parl. Ca., 64. The case of *Goodright* v. *Dunham, supra,* is exactly in point. As in our case the limitation is of two concurrent fees by way of remainder as substitutes or alternatives, one for the other, the latter to take effect in case the prior one should fail *to vest in interest,* and it is called a limitation by way of remainder on a contingency with a double aspect.

In deference to the discussion of counsel, and in view of the apparently conflicting judicial utterances upon the subject, we have deemed it best to determine the precise charac-

ter of the limitation, but we really do not see how it is essential to a proper disposition of this case. Taking the limitation to be either a contingent remainder or an executory devise, we are of opinion that the interest of George W. Watson and others was at least " a possibility coupled with an interest " ( *Watson* v. *Dodd, supra*), and its assignment for a valuable consideration and free from fraud or imposition, while void in law, will be upheld in equity. In the above case, PEARSON, C. J., seems to consider that it is an executory contract, which will be specifically enforced upon the happening of the contingency upon which the remainder is to vest. It is possible that he had in mind the assignment of a mere possibility, such as the expectancy of an heir at law, as in *McDonald* v. *McDonald*, 5 Jones Eq., 211. In *Bodenhamer* v. *Welch*, 89 N. C., 78, it is held that such an interest may be assigned (we suppose that an equitable assignment is meant), and we are of the same opinion; but even if this were not so, it is clear that the assignment in question, if treated as an executory contract, may be specifically enforced against the assignors and their heirs, should the life-tenant die without issue, and this is all that is necessary (according to the stipulations in the case agreed) to entitle the plaintiff to the relief he asks.

The plaintiff, the life-tenant, has by the assignment acquired an equitable right to the interest of the said remaindermen. He is a single gentleman, about eighty years of age, and the defendant is willing to take the risk of his marrying and leaving issue, provided the assignment of the remaindermen is effectual to bind them and their heirs. We have seen that such is its effect, and the judgment must be

Affirmed.