M. F. WRIGHT v. C. M. BROWN et al.

*Conditional Fee—Estate by way of—Executory Devise— Assignability of—Estoppel.*

A testator devised land to his daughter P, and her heirs, but in case of her death, without issue surviving, then to his daughter A. *Held*, that P takes a conditional fee simple in the land, liable to be determined upon her dying without surviving issue, and A takes, by way of executory devise, a remainder, or future estate or interest, which she may assign and convey by deed, which, with warranty, will be an estoppel upon her heirs.

This is a controversy submitted without action upon an agreed state of facts, and heard before *Boykin, J.*, at February Term, 1895, of BEAUFORT Superior Court. His Honor rendered judgment in favor of defendants, and plaintiff excepted and appealed, assigning as error the holding that the defendants had a good and perfect title in fee. The facts are succinctly stated in the opinion of Associate Justice FURCHES.

*Mr. Chas. F. Warren*, for plaintiff (appellant).
*Mr. W. B. Rodman*, for defendants.

FURCHES, J.: James Ellison being the owner in fee simple of the lands mentioned in the case agreed devised the same to his grand-daughter Polly Ann Allison "to be hers and her heirs and assigns. But in case my said grand-daughter, Polly Ann, do die leaving no lawful issue at her death then I devise and bequeath _____ to my daughter Augusta L. Ellison, her heirs and assigns," and died in 1865. That sometime after the death of the testator, the said Polly Ann and Augusta L. sold and conveyed this land to Ida M. Swindell by deed with warranty. And by successive conveyances from Ida M. Swindell, the defendant became the owner thereof, and has contracted to sell the same to the plaintiff Wright. That since the date of the conveyance to Ida M. Swindell, the said Augusta L. has died, leaving a son surviving her, who is her heir at law. But the said Polly Ann is still living, unmarried, and is about fifty years of age.

Upon these facts the plaintiff alleges that the defendant is unable to give him a good and indefeasable title to the lands, and for this reason refuses to pay defendant the purchase money.

And this presents the question for our consideration, whether the defendant can convey a good and clear title to plaintiff? If he can, plaintiff should not recover in this action; if he cannot, then he should recover.

By the terms of the will of James Ellison, Polly Ann took a conditional fee simple in the land, liable to be determined upon said Polly Ann's dying without leaving issue surviving her. And the said Augusta L. took the remainder, denominated an estate, or interest by way of executory devise. The defendant has a deed from Polly Ann, with warranty, and if it should turn out that she has the fee simple the difficulty would end, and the defendent would have a good title. . Therefore, it is seen that the trouble lies

in determining what estate, or interest Augusta L. took in the land. All hands admit that she took some interest; and defendant contends she took a present vested estate, though subject to be divested by the said Polly Ann leaving issue her surviving at her death; that this estate would pass by descent, and might be devised and assigned. This the plaintiff denies.

The estate of Augusta L., whatever it be, is clearly contingent, and in contemplation of law may never vest—this depends upon the fact whether Polly Ann dies without leaving issue. If it depended upon the death of Polly Ann alone, it would be a vested estate or interest, as it is certain that Polly Ann will die. But it does not do this. The other condition is added, that she must die " without leaving issue living." This in contemplation of law (whatever her age may be) is uncertain and will remain so until her death. But still under our decisions it would seem that Augusta L. had such an interest in these lands, as might be assigned and conveyed by deed, and, *with warranty*, would be an estoppel to her heirs.

It has been held, as far back as *McDonald* v. *McDonald*, 5 Jones Eq., 211, followed by the cases of *Masten* v. *Marlow*, 65 N. C., 695, *Bodenhamer* v. *Welch*, 89 N. C., 78, and other cases, that an heir apparent may sell and assign his expectancy in the estate of his ancestors. And the courts of equity will enforce such assignments, if they are fair and open, and a sufficient consideration appears. But these transactions, though by deed, are not considered as conveyances, but as executory contracts, which Equity will enforce.

But in this case Augusta had more than a bare expectancy. She had under the will of James Ellison, by way of executory devise, a future *estate or interest* in the land which might be assigned. *Watson* v. *Smith*, 110 N. C., 6. But

this case falls more directly under the case of *Foster* v. *Hackett*, 112 N. C., 555. In that case, Mildred Goforth willed the lands in controversy to two single daughters and the heirs of their bodies; and if they died without leaving such issue, then to the survivor; and then to the heirs of the devisor. During the lifetime of the two daughters (the first takers) one of the heirs at law of the devisor (Mildred) sold her interest to the defendant Hackett and conveyed the same by deed with warranty. And this Court held that the grantor (the heir of Mildred) had such an estate or interest in the lands as she might assign and convey to the defendant; and that her heirs (she being dead) were estopped to claim the same. In that case there was the uncertainty as to who would be heirs at law of the devisor Mildred, while in this case there is no such uncertainty. The second taker is fixed by the will, which makes this case stronger for the defendant Brown than that case was for the defendant Hackett. The case of *Starnes* v. *Hill*, 112 N. C., 1, is cited by plaintiff as authority, to support his contention. But we do not think it conflicts with the view we have taken of this case. Indeed we think it is in harmony with what we have said, and sustains this opinion. There is no error and the judgment is affirmed.                    Affirmed.