M. W. LOFTIN ET AL. v. W. F. ENGLISH.

(Filed 10 December, 1919.)

**Wills—Devise—Estate—Trusts—Survivor—Deeds and Conveyances—Estoppel.**

> A devise of lands to the executor in trust for the testator's three children, to be used by them for a home until one of them survived, and then to be conveyed by the executor to him in fee: *Held*, whether the children took a contingent or vested remainder, the deed of the three *cestuis que trustent*, joined in by the trustee, conveyed a fee simple absolute title to the purchaser, the deed estopping the heirs of the survivor.

CONTROVERSY without action, heard by *Connor, J.,* at chambers in WAYNE. (Time not stated in. record.)

From a judgment for the plaintiffs the defendant appealed.

*Hood & Hood for plaintiffs.*
*No counsel contra.*

BROWN, J. The plaintiffs contracted to sell to the defendant a certain lot of land situated in the town of Mount Olive. The question presented relates to the title. The property was devised to the plaintiff, Major Loftin, upon the following trust: "He shall hold the same as a house for my three children, J. Annie Flowers, Fannie E. Westbrook, and Ernest B. Flowers, which they shall use and occupy free of rents until but one of them survives; then he shall convey the same to such survivor in fee, absolutely."

The trustee, together with the three *cestuis que trustent,* Mrs. Flowers, Mrs. Westbrook, and Ernest B. Flowers, together with the husbands of the two *femes covert,* and the wife of Ernest B. Flowers, all have executed and tendered a proper deed in fee simple to the defendant, who has agreed to purchase the land. He declines to accept the deed and pay the

purchase money upon the ground that the title is not good. It is immaterial whether, under the clause of the will above quoted, the three children of the testatrix took a contingent remainder or a vested remainder. It is perfectly plain that in any event the title must vest absolutely in the survivor of the three.

Under the specific language of the will, the trustee is required to convey the property to the survivor in fee absolutely. The trustee and all three of the children have executed the deed. There can be no question that this deed will convey to the purchaser an estate in fee simple, and that the survivor of the three children will be estopped from claiming against it. *Kornegay v. Miller*, 137 N. C., 659; *Watts v. Griffin*, 137 N. C., 572; *Beacomb v. Amos*, 161 N. C., 357.

The judgment is
Affirmed.