LOUIS M. BOURNE AND JOHN L. BRIDGERS v. MRS. R. I. FARRAR ET AL.

(Filed 6 October, 1920.)

**1. Estates—Contingent Remainders.**

An estate for life, with remainder over to designated persons in being, A. B. C., one-third each, living at the death of the first taker, or to their children then living, and if no living children at that time, to the survivors of A., B., and C., before the termination of the life estate: *Held*, A., B., and C. take an estate in one-third of the land contingent upon their being alive at the death of the first taker, and each one a further estate contingent upon the event of the death of the others, or one of them, before the death of the life tenant without leaving children.

**2. Farm—Wills—Deeds and Conveyances—Judicial Sales—Estoppel— Purchasers.**

A., B., and C. took by will a remainder in lands contingent upon their being alive at the time of the death of the first taker, and a further contingent estate depending upon the others being dead at the designated time without leaving issue. A. and B. conveyed, for a sufficient consideration, their right, title, and interest to the land, and- the purchaser acquired at a sale under decree of court by deed without warranty from the commissioner, all the right, title, and interest of C. to the identical land, referring to the devise to C.: *Held*, the conveyances of A. and B. were of their whole estate in the land, including both of their contingent interests, and the commissioner's deed was of the entire estate of C., and that A., B., and C. were estopped by their deeds to claim any interest whatsoever in the land, and the purchaser could convey a fee-simple title.

APPEAL by defendants from *Lyon, J.,* at June Term, 1920, of EDGE-COMBE.

K. H. Dickens devised to his sister, Mary E. Dickens, the lot in question in Tarboro, N. C., "During her life, and upon her death I give and devise the same to John L. Bridgers, Jr., Routh Hassardshort, and Louis M. Bourne, as tenants in common," one-third to each; "and in event of any one or more of them being dead, leaving issue, at the time of Mary E. Dickens' death, then such issue shall take such part of said real estate as his, her, or their parents would have taken if then living, but if one or more of them be then dead without issue surviving, then his or her share shall then go to survivor or survivors of my said devisees."

Mary E. Dickens, in December, 1880, conveyed her interest in lot No. 59 in the plat of said town to O. C. Farrar by deed duly recorded. John L. Bridgers and his wife, and Routh Hassardshort and her husband, on 5 January, 1881, by warranty deed, duly recorded, and in consideration of $6,000, conveyed "All their interest in a tract or parcel of land in Edgecombe County, N. C.," describing said lot by number and by metes and bounds, and adding, "Interest in said half of town

lot being an undivided two-thirds, subject to the estate of O. C. Farrar of a part thereof during the life of Mary E. Dickens."

On 22 November, 1889, H. C. Bourne, commissioner, pursuant to a decree of the Superior Court of Edgecombe, and in consideration of $3,000, conveyed to O. C. Farrar, by warranty deed, duly recorded, "All the right, title, and interest of the said L. M. Bourne in the said property, being one third interest" (describing the above property), and adding, "It being the identical real estate devised by K. H. Dickens to said L. M. Bourne, and reference hereby made to said will and testament." L. M. Bourne, on arriving at age, received from his guardian, said H. C. Bourne, the purchase-money from the sale of the lot by said guardian and commissioner, with full knowledge that all his right, title, and interest in said property had been sold to said Farrar.

Said O. C. Farrar, after purchasing the life estate of Mary E. Dickens, and the interest of M. L. Bourne, John L. Bridgers, Jr., and Routh Hassardshort, believing that he had a good and indefeasible deed in fee simple for said real estate, purchased 41 feet of an adjoining lot owned by A. Braswell and built on the whole lot a three-story brick hotel, with stores on the ground floor.

Routh Hassardshort died September, 1907, leaving as her only heir at law, a daughter, Kate Hassardshort, who died without issue 10 December, 1910, and Mary E. Dickens, the life tenant, died 16 December, 1916.

This is an action by the plaintiffs Bridgers and Bourne to recover the one-third interest which Routh Hassardshort would have had in said property if she had survived the life tenant, alleging that it was not conveyed by their deeds to O. C. Farrar of their interest in the said property. The judge being of opinion with the plaintiff, the only issue submitted to the jury was in reference to the width of the lot.

Judgment for plaintiffs; appeal by defendants.

*Jos. B. Cheshire, Jr., and Allsbrook & Philips for plaintiffs.*
*W. O. Howard and James Pender for defendants.*

CLARK, C. J. The appeal presents two questions:

(1) Do the deeds from Bridgers and Bourne pass their contingent interest in the share devised to Routh Hassardshort by way of equitable assignment?

(2) Bridgers having described his interest as two-thirds, and warranted it, is he estopped as to one-half, which finally vested in him under the will of K. H. Dickens on the death of Routh Hassardshort?

If this property had been devised to Mary E. Dickens for life, with remainder to the three parties named, then a conveyance by either one

of the three of all "his right and interest" in said property would have conveyed only the interest which he had at the time of such conveyance, for the possibility that Mrs. Hassardshort and her daughter should die without selling or devising the property was not an interest therein.

But by the will of K. H. Dickens each of the devisees acquired something more than a one-third interest in said property. He devised to Bridgers and Bourne a contingent interest in Mrs. Hassardshort's one-third, of which neither she nor her daughter could deprive them, either by conveyance or by will.

This contingent interest was not subject to sale under execution, but nevertheless it could be conveyed, and was conveyed by the deed embracing "All their right, title, and interest in said property." In *Hobgood v. Hobgood,* 169 N. C., 489, it is said by *Hoke, J.,* "Our decisions upon the subject are to the effect that when the holders of a contingent estate are specified and known, they may assign and convey it, and, in absence of fraud or imposition, when such deed is made, it will conclude all who must claim under the grantors, even though the conveyance is without warranty or any valuable consideration moving between the parties," stating that this has been held in *Kornegay v. Miller,* 137 N. C., 659, in which case "The contingent conveyance of Annie Slocum was held to pass by her quitclaim deed, and for the recited consideration of $1." In the present case the consideration was $9,000, and there was a warranty, and it was further admitted that there was no fraud or imposition. *Judge Hoke* further stated that there "were many decisions that in order to validate the conveyance of a contingent interest, there must have been a valuable consideration or a warranty, estopping the heir by way of rebuttal," citing *Wright v. Brown,* 116 N. C., 26; *Foster v. Hackett,* 112 N. C., 546; *Watson v. Smith,* 110 N. C., 6; *Southerland v. Stout,* 68 N. C., 446; but he added "that a majority of the Court, after full consideration, had come to a different conclusion," in *Kornegay v. Miller, supra,* and "that case should be no longer questioned, and might be considered by the profession as a rule of property." It will be seen that the dissent in *Kornegay v. Miller* has no bearing on this case for the further reason that here there was a valuable consideration and a warranty. In that case the conveyance of the contingent estate was held valid by way of an equitable assignment, though there was no warranty.

In *Smith v. Moore,* 142 N. C., 299, it was held that the deed passed the contingent remainder by way of equitable assignment, and did not operate merely as an executory contract to convey. In *Gray v. Hawkins,* 133 N. C., 4, under a devise such as in this case, the life tenant and the remainderman joined in a deed conveying the land with a warranty. It was held that the deed passed the fee simple.

In *Foster v. Hackett,* 112 N. C., 555, it was held that a warranty deed by one having only a contingent remainder passed the title by way of estoppel to the grantee as soon as the remainder vested by the happening of the contingency upon which such vesting depended. To the same purport as the above decisions, *Bowen v. Hackney,* 136 N. C., 193; *Brown v. Dail,* 117 N. C., 43; *Watson v. Smith, supra.*

The plaintiffs insist that the deeds of all three. remaindermen—Bridgers and wife, Mrs. Hassardshort and husband, and Bourne, commissioner—conveyed only the two-thirds interest vested in Bridgers and Bourne, but did not convey their contingent interest in the one-third devised to Mrs. Hassardshort. They concede the deeds passed whatever interest Bridgers and Bourne had, except their contingent interest in the one-third devised to Mrs. Hassardshort. But what interest did Bridgers and Bourne have? Each had a contingent remainder in one-third dependent upon their surviving the life tenant, or leaving issue surviving her. Each had also a contingent remainder as survivor in the one-third devised to Mrs. Hassardshort, dependent upon their surviving the life tenant, and upon Mrs. Hassardshort not surviving the life tenant, and leaving no issue surviving her. Both interests were contingent.

If the deeds passed the plaintiffs' contingent interest as to one-third devised to each, it must have passed their contingent interests in the one-third devised to Mrs. Hassardshort. The joint deed of Bridgers and Mrs. Hassardshort conveyed "All their interest, . . . being an undivided two-thirds," and the Bourne deed, "All his rights, title, and interest, being one-third interest, it being the *identical real estate devised by K. H. Dickens* to said L. M. Bourne, and reference is hereby made to said will and testament." These deeds show no intent to except their interest in Mrs. Hassardshort's one-third. The deed in which Bridgers joined conveyed two-thirds, and warranted it, and the Bourne deed, while describing it as being one-third, further described it as "The identical real estate devised to Bourne by Dickens," and reference was made to the will.

The words, "All the interest" and "All their right, title, and interest," control even if the interest described in the Bourne deed was more than one-third. In *Murphy v. Murphy,* 132 N. C., 360, where the grantor owning an undivided one-fifth interest in a tract of land, executed a deed of his entire interest in the land, but described it as being a one-sixth undivided interest, it was held that his deed passed his whole interest in the land. The reason is given in *Cox v. McGowan,* 116 N. C., 131, that "when language in a deed is of doubtful meaning, that which is most favorable to the grantee will control."

The words, "All their interest," and "All their right, title, and interest" are inconsistent with the contention that Bridgers and Bourne conveyed only their contingent interest in one-third each, and not their contingent interest in the entire property. Bridgers joined in a deed which warranted and conveyed two-thirds, but his interest proved to be only one-half. Bourne's deed described the interest conveyed by him as a one-third, but the happening of the contingency devolved upon him also one-half, which, under the ruling in *Murphy v. Murphy, supra,* passed to Farrar by his deed.

The conveyance of "All the grantor's right, title, and interest in certain described property is a conveyance of all his *estate* in such property." 13 Cyc., 655. In construing the word "interest" in a statute, it was held to include a contingent remainder, *Young v. Young,* 89 Va., 675; 23 L. R. A., 642; and includes also every right, legal and equitable. *Hurst v. Hurst,* 7 W. Va., 289.

The Bourne deed, conveying "all right, title, and interest of L. M. Bourne," and describing this as "being the identical real estate devised by the late K. H. Dickens to said L. M. Bourne," conveyed to Farrar whatever interest was devised to Bourne by Dickens.

We concur with the learned counsel for the defendant that we have been unable to find any case holding that a conveyance of "all my interest" does not include a contingent remainder. On the contrary, the cases above cited show that this is equivalent to conveying, as to the grantor, his *estate* in the property.

The plaintiffs rely upon *Blanchard v. Brooks,* 12 Pick., 47, that where there was a deed of all the grantor's right, title, and interest with warranty, only the vested interest passed, on the ground that by the common law, a contingent remainder could not be conveyed directly by deed, and, therefore, the warranty protected only the vested remainder. But later the same Court held that a contingent remainder can be conveyed if the person who is to take the remainder is definitely ascertained. *Putman v. Story,* 132 Mass., 205.

The plaintiffs also cite *Gilbert v. James,* 86 N. C., 249, where the grantee conveyed all his right, title, and interest, and later acquired an interest by descent. The Court pointed out that the distinction is that he acquired the latter interest from some other source, and did not own it when he made the deed, and hence it did not pass. But in this case both the interest in the one-third and the contingent in the rest of the devise were acquired at one and the same time and under the same instrument—the will of K. H. Dickens, though the extent of such interest was not demonstrated, as to either contingent estate, until the death of the life tenant.

The Bridgers deed having warranted his interest, which he describes as "a two-thirds undivided interest," he is estopped to claim any interest in the land. Where a party owned one-fourth and conveyed one-half, and later inherited another fourth, he is held estopped. *Buchanan v. Harrington,* 141 N. C., 39; *Halliburton v. Slagle,* 132 N. C., 950; *Burns v. Womble,* 131 N. C., 175.

It is true that in the Bourne deed there is no warranty, but the property ordered to be sold by a decree of the court, and which the commissioner conveyed, was described as "the identical real estate devised by the late K. H. Dickens to the said L. M. Bourne," which meant the whole interest which he received under the will.

The deeds to O. C. Farrar by the life tenant and all three of the remaindermen were evidently intended by all the parties, and both sides, to convey to Farrar the entire interest in the land in question as fully as it was devised by K. H. Dickens.

It is unnecessary to discuss the exceptions as to the issue in regard to the width of the lot. There is error, and it will be entered here.

Action dismissed.