OLIVER C. FULLER v. RHODODENDRON CORPORATION.

(Filed 28 January, 1935.)

**Wills E d—Remainder held to vest at termination of life estate and not upon death of testator.**

A devise to testator's wife for life, the property then to be sold and divided equally among testator's children by his first wife, "and if none alive, to my first wife's grandchildren," *is held* to vest the remainder after the life estate in the sole survivor of testator's children by his first wife as of the date of the death of his widow, unaffected by the direction to sell the land and divide the proceeds.

APPEAL by defendant from *Warlick, J.,* at November Term, 1934, of HENDERSON.

Civil action for specific performance.

Plaintiff being under contract to convey a certain tract of land on Mount Hebron, Henderson County, to the defendant, duly executed warranty deed therefor, tendered same to the defendant, and demanded payment of the purchase price as agreed. The defendant refused to accept said deed and declined to pay the purchase price on the ground that the title offered is defective.

The case was heard upon the pleadings and facts agreed.

There was judgment for the plaintiff, from which the defendant appeals, assigning error.

*Shipman & Arledge for plaintiff.*
*Thomas H. Franks for defendant.*

Stacy, C. J.  On the hearing the title offered was properly made to depend upon the construction of the following item in the will of Solomon Jones:

"I give, devise, and bequeath my estate and property, real and personal, as follows, that is to say:

"My real and personal estate on 'Mt. Hebron,' in Henderson County, North Carolina, to go to my wife, Assena T. Jones, during her mortal life, then to be sold and divided equally among my first wife's children, and if none alive, to my first wife's grandchildren."

The case states that Jane Cox was the only child of the testator's first wife to survive his widow, Assena T. Jones.  The plaintiff has acquired, by *mesne* conveyances, all of Jane Cox's interest in said land.

On authority of *Brown v. Guthery,* 190 N. C., 822, the trial court held that, under the will of Solomon Jones, his widow, Assena T. Jones, took a life estate in said land, with remainder in fee to the children of the testator's first wife who should survive his widow, and that as Jane Cox alone of his first wife's children survived his widow, she was entitled to the remainder in fee.  This ruling would seem to be correct.  *Watson v. Smith,* 110 N. C., 6, 14 S. E., 640.

Nor is plaintiff's title affected by the testator's direction to sell the land and divide the proceeds.  *Witty v. Witty,* 184 N. C., 375, 114 S. E., 482; 40 Cyc., 1999.

Affirmed.