## RANDALL BODENHAMER v. A. H. WELCH.

*Bankruptcy—Possibility coupled with an interest—Equitable counter-claim.*

1. The contingent interest of a bankrupt, in real and personal property, passes to and vests in his assignee.

2. Contingent remainders, executory devises, and other possibilities coupled with an interest, are assignable.

3. Equitable counter-claim of defendant is sufficient to defeat an action of ejectment.

(*Fortescue* v. *Satterthwaite*, 1 Ired., 566; *Watson* v. *Dodd*, 68 N. C., 528; *Stith* v. *Lookabill*, 76 N. C., 465; *Farmer* v. *Daniel*, 82 N. C., 152, cited and approved).

SPECIAL PROCEEDING for partition of land, commenced before the clerk of DAVIDSON Superior Court, and heard at Chambers, by consent, at Forsyth court, on the 17th day of May, 1882, before *Eure, J.*

The plaintiff's petition states that in 1840, William Bodenhamer died in the county of Davidson, having previously published his last will and testament, in which he devised, among other things, a tract of land lying in the county of Davidson, containing two hundred acres, more or less, to Martha Boden-

hamer, his wife, for and during her natural life, and after her death, to be equally divided between all his children that are then living. The said Martha, after living on the land so devised, died on the 1st of January, 1882, leaving her surviving, of the children of William Bodenhamer, John D. Bodenhamer, who has sold his interest in said land to the petitioner Joseph Yokely; M. V. Bodenhamer, who has sold his interest to J. M. Raper; Susan Teague, the daughter of said Wm. Bodenhamer, the petitioner Randall Bodenhamer, and the defendant Elizabeth Welch, who intermarried with the other defendant, A. H. Welch.

All of them are claimed by the petitioners to be tenants in common, and an order for the partition of the land is asked for.

The defendants, being willing for a partition to be made, admitted that they were all tenants in common, except Randall Bodenhamer, who they contended was not a tenant in common, and had no interest in the land. They alleged that during the life-time of his mother (Martha) Randall Bodenhamer filed his petition in bankruptcy and surrendered with his other property "his interest" in the land mentioned in the petition, and his assignee in bankruptcy, prior to the death of the said Martha, sold the said Randall's interest on the 10th day of February, 1870, to the defendant A. H. Welch, and executed to him a deed therefor.

On the other hand the petitioner Randall insisted that the sale made by the assignee in bankruptcy conveyed no title to the purchaser, for the reason that during the life of his mother, Martha Bodenhamer, no such estate, interest or title in the land had vested in him, being an executory devise, and was not, as he is informed and believes, the subject of conveyance or sale.

The court adjudged that Randall's interest passed by the sale and deed of the assignee to the defendant Welch, from which judgment the said Randall appealed.

*Messrs. M. H. Pinnix* and *Watson & Glenn,* for plaintiff.
*Mr. J. M. McCorkle,* for defendant.

BODENHAMER v. WELCH.

ASHE, J.   The only question presented by the record for our determination is, whether the sale of the plaintiff's interest in the land by his assignee in bankruptcy passed a valid title to the defendant A. H. Welch.

It was contended by plaintiff's counsel that the interest of the plaintiff under the will of his father, William Bodenhamer, was a mere possibility, and though such an interest was embraced in the English statute of bankruptcy, it was not in that of the United States.

It is true the term "possibility" is not mentioned in the bankrupt act of the United States, nor are contingent interests mentioned in it in so many words; but the statute is broad enough to include every interest of the bankrupt in real and personal property that may be made available for the payment of his debts.

Section 5,046 of the act of congress provides that "all the property conveyed by the bankrupt in fraud of his creditors; all rights in equity, choses in action, patent-rights and copy-rights; all debts due him or any person for his use, and all liens and securities therefor; and all his rights of action for property or estate, real or personal, and for any cause of action which he had against any person, arising from contract or from the unlawful taking or detention or injury to the property of the bankrupt; and all his rights of redeeming his property or estate, *together with the like right, title, power or authority to sell, manage, dispose of,* sue for and recover, or defend the same, as the bankrupt might have had if no assignment had been made, shall in virtue of the adjudication of bankruptcy, and the appointment of his assignee, but subject to the exception stated in the preceding section, be at once vested in such assignee."

Section 14 of the bankrupt act passed to and vested in the assignee every interest of the bankrupt, in real and personal property, and clothed him with the same right, title, power and authority to *sell, manage or dispose of,* as the bankrupt had before the assignment.

The question then arises, had the plaintiff Randall Bodenhamer such an interest in the land described in the petition, as was subject to be sold or disposed of by him?

His interest was contingent, depending upon his surviving his mother. It was not as contended, a mere possibility, but an *estate* in the land, *an executory devise*, or rather a contingent remainder, which is a *certain* interest. A possibility is defined to be "an uncertain thing" which may happen, or a contingent interest in real or personal estate. Possibilities are divided into, first, a possibility coupled with an interest: this may of course be sold, assigned, transmitted or devised: such a possibility occurs in executory devises and in contingent, springing or executory uses; and secondly, a bare possibity of hope of succession: this is the case of an heir apparent during the life of his ancestor; it is evident he has no right he can assign, devise or release. 2 Bouvier Law Dict., 253.

That executory devises, contingent remainders and other possibilities coupled with an interest may be assigned, is maintained in *Jones* v. *Roe*, 3 D. & E., 88; *Higden* v. *Williamson*, 3 P. Wms., 132; 2 Story's Rep., 630; *Comegys* v. *Vasse*, 1 Pet., 193; 7 Texas Rep., 25; *Fortescue* v. *Satterthwite*, 1 Ired., 566; and in 3 Pars. on Cont., 475; Burrill on Assign., 72; Shep. Touch., 239.

The case of *Higden* v. *Williamson, supra*, which is a leading English case, was where one seized of a copy-hold estate surrendered the premises to his last will, and afterwards devised them to his daughter for life, then to trustees to be sold, and the money arising from the sale to be divided among such of his daughter's children as should be living at her death. The testator died; the daughter had issue, among others, a son, who was a trader and became bankrupt, and the commissioners assigned his estate. The bankrupt got his certificate allowed, and then his mother died. The assignees brought their bill for the bankrupt's share of the money arising from the sale; *It was held*, that the assignees were entitled to recover because the son in his mother's life-time might have released his contingent interest.

6

In 3 Parson's on Contract, 473, it is laid down, that if the interest of the bankrupt rests on a contingency, the assignee takes subject to the contingency, or rather takes the right to recover if the contingency happens.

In *Watson* v. *Dodd*, 68 N. C., 528, Chief-Justice PEARSON, speaking for the court, said that a contingent remainder, like that under consideration, was not assignable at law, but might be assigned in equity; and if assigned, and the assignor received therefor a valuable consideration, and there was no fraud or imposition and the estate afterwards vested, a court of equity would compel the assignor to make title, or else hold the estate as a security for the consideration.

There can be no doubt then that the contingent interest of the bankrupt may be assigned, and whether assignable at law or in equity, whatever interest the bankrupt had, vested in his assignee. What then is the assignee to do with it? Is he to hold it until the estate in remainder falls in by the happening of the contingency, which may be so long deferred that the authority of the assignee may have ceased by the determination of the proceeding in bankruptcy? or must he sell and realize what he can for the benefit of the creditors? If the plaintiff had the right to make an assignment of his interest, and we have shown that he had, the bankrupt act gave to his assignee in bankruptcy the very same right of disposition that he had before filing his petition. The plaintiff disposed of his interest in the land by the surrender of it in his schedule in bankruptcy for the benefit of his creditors. By doing so, his debts were discharged; and that constituted a valuable consideration for his assignment, and when the assignee sold to the defendant A. H. Welch and the contingent remainder fell in by the death of the tenant for life, though the plaintiff acquired the legal estate, he holds it as trustee for the defendant purchaser.

If the plaintiff (Bodenhamer) had brought an action in nature of ejectment against the defendant (Welch) to recover the land, there would have been, we presume, no question but that the

defendant might have defeated the action by pleading his equitable counter-claim. *Stith* v. *Lookabill*, 76 N. C., 465; *Farmer* v. *Daniel*, 82 N. C., 152, and cases there cited. And that principle must, we think, govern and be decisive of this case.

Our conclusion, therefore, is that Randall Bodenhamer has no share in the partition of the land described in the petition, as a tenant in common.

There is no error. Let this be certified to the superior court of Davidson county, that a *procedendo* may issue to the clerk of the superior court of that county to the end that the cause may be proceeded with in accordance with this opinion and the law.

Nor error. Affirmed.