### MINNIE FAGG MALLOY v. BLANCHE ACHESON.

(Filed 20 December, 1919.)

**1. Estates—Remainders—Contingent Interests—Deeds and Conveyances.**

A testator devised lands to his daughter M., and adopted daughter B., the only child of his brother H., for life, then to their children, the issue of any deceased child to take the share its parents would have taken if living; and if either of them should die without child or children, then to the child or children of the survivor of them; but should both die without issue, then to H. and his heirs forever. M. had one child who died intestate without issue; B. has two living children, of age and unmarried, the others having died intestate and unmarried; H. is dead, leaving B., his only child, surviving him, and brothers and sisters. B. and her husband and her two children executed a deed to all their interest in the lands to M., now a widow, who executed a deed sufficient in form to the defendant, who refused to comply with his contract to take the land, alleging a defect in the fee-simple title he had purchased. The question as to the possibility of M. and B. having children yet to be born being waived, it is *Held*, M., her husband being dead, inherited the interest of her deceased son, and acquired the interest of B. and her children under their deed; and H., the ulterior contingent remainderman, being dead, and his only heirs have joined in the deed: *Held*, that the interest of all parties were concluded by the deed, and it passed an absolute fee-simple title.

**2. Estates— Remaindermen— Contingent Interests— Ulterior Devisees— Uncertain Event—Deeds and Conveyances.**

Where an estate is devised upon the contingency of death without issue, and there is also an ulterior devisee designated to take upon the death of the contingent remaindermen without issue, such ulterior devisee being certain, though the event upon which he is to take is uncertain, his estate, though it remains contingent, is transmissible by descent to his heirs, and where there is only one child of such ulterior devisee, a deed made by such child after his death is sufficient to pass his interest in the estate.

**8. Estates—Remainders—Contingent Interests—Happening of Event—Descent and Distribution—Deeds and Conveyances.**

> A devise to the testator's two daughters, M. and B., contingent upon their having issue, M. now a widow, had one son who died unmarried and intestate, and B., her husband, and two children conveyed their interest to M.: *Held,* a fee simple absolute under the deed joined in by all parties in interest was conveyed by the deed, the possibility of M. and B. having children in the future being the only contingency left, and this having been waived by the consent of the parties.

CIVIL ACTION, tried before *Finley, J.,* and a jury, at November Term, 1919, of BUNCOMBE.

This action was brought in the court below for the purpose of enforcing specific performance of a written contract entered into by the parties to this action, under which defendant agreed to purchase from the plaintiff certain real estate in the city of Asheville, and the plaintiff agreed to convey the same to the defendant absolutely in fee simple. The defendant answered and admitted the execution of the contract, but alleged that the plaintiff was not seized in fee simple absolute of the property contracted to be conveyed, and could not convey an indefeasible title to the defendant, and alleged that the defendant refused to accept the plaintiff's conveyance and pay the purchase money for that reason. The case was heard on an agreed statement of facts, which is as follows:

1. M. J. Fagg, of Buncombe County, North Carolina, died on 31 January, 1894, leaving a last will and testament, bearing date 21 February, 1882, and a codicil thereto, bearing date 11 February, 1890, both of which were duly probated and recorded in the office of the clerk of the Superior Court of Buncombe County, North Carolina, and copies of which are hereto attached and made a part of this statement of facts. That the land described in the complaint in this action is a part of that devised to Minnie M. Fagg in Item V of said will.

2. M. J. Fagg was survived by his widow, Asenath M. Fagg, who died 20 July, 1895, by one daughter, Minnie M. Fagg, and one adopted daughter, Bessie Fagg Maxwell, and said M. J. Fagg left surviving him no other child or adopted child, or the issue of such other child, or adopted child.

3. Minnie M. Fagg, on 21 December, 1892, married T. F. Malloy, and had one child, Fagg Malloy, who was born 16 October, 1893, and died intestate, unmarried, and without issue, 22 October, 1918. T. F. Malloy died 31 March, 1915.

4. Bessie Fagg Maxwell, adopted daughter of M. J. Fagg, is the daughter of Henry C. Fagg, a brother of said M. J. Fagg, and was married to her husband, Wallace F. Maxwell, in the year 1889, and has had five children, three of whom have died, unmarried, and without issue,

and two of whom, Lois Maxwell and Marcella Maxwell, are now alive and unmarried, and more than twenty-one years of age.

5. Henry C. Fagg, a brother of M. J. Fagg, died 21 June, 1913, leaving no widow, or children, or issue of such surviving him, other than his said daughter, Bessie Fagg Maxwell, and her children. That said M. J. Fagg was also survived by sisters and brothers other than Henry C. Fagg, or the issue of such, some of whom are still living and others of whom have died leaving issue.

6. On 8 July, 1919, Wallace F. Maxwell and wife, Bessie Fagg Maxwell, Lois Maxwell, and Marcella Maxwell executed and delivered to Minnie Fagg Malloy a deed of conveyance for all their interest, present and prospective, in the land described in the complaint in this action, said deed being duly recorded in the office of the register of deeds for Buncombe County.

7. It is expressly agreed by the parties hereto, that the defendant is making no objection to the title to the land described in the complaint by reason of any interest contingent or otherwise, in said property, of any child of Minnie Fagg Malloy or Bessie Fagg Maxwell that may be born hereafter, and if the court shall be of the opinion that said Minnie Fagg Malloy is the owner of the land described in the complaint, in fee simple, subject only to be divested in whole or in part on the birth of any such child, then judgment shall be entered in this action in favor of the plaintiff.

Under item 5 of the will the testator devises the property in question to his daughter Minnie, the plaintiff herein, upon certain conditions and stipulations set out in items 3 and 4 of the will, which are as follows: "To have and to hold to her during her natural life, and at her death to such children as shall or may be born to her in lawful wedlock, the issue of any deceased child to take the share its parent would have taken had they been living." There is a similar provision as to Mrs. Maxwell.

The only other portion of the will material to this controversy is item 9, which reads as follows: "In case that either Minnie or Bessie should die without child or children, then I devise the property that would have gone to such child or children, had such been born, to the child or children of the survivor of them, and in case both of them should die without issue, then the same is devised to my brother, Henry C. Fagg, and his heirs forever."

The deed mentioned in the agreed statement of facts conveys to the plaintiff "all of their (the grantors') right, title, interest, and estate, claim and demand of every kind and nature, present or prospective, which they have or may hereafter have under the will of the late M. J. Fagg, or otherwise in and to" (the property). It being the intention of this deed to convey any and all present and prospective, vested or

contingent, interest of the parties of the first part in and to that portion of the property of M. J. Fagg lying between North Main Street and Merrimon Avenue in the city of Asheville, . . . and which has not heretofore been sold.

Upon these undisputed facts the plaintiffs contends that she is the owner of the land described in the complaint on two grounds:

First. Upon the birth of the plaintiff's son, Fagg Malloy, the remainder over after the life estate of the plaintiff became vested in him, and upon his death this vested remainder passed to his mother as his heir at law.

Second. That if the remainder of Fagg Malloy was contingent on his surviving his mother, then the plaintiff acquired the remainder over after her life estate, if not by descent from him, then by the deed from her adopted sister, Bessie Fagg Maxwell, and her husband and two children, Mrs. Maxwell being also the only child and heir in law of Henry C. Fagg, the ultimate remainderman.

The defendant contends:

1. That the construction of the items of the will above quoted is controlled by section 1581 of the Revisal of 1905; that all the remainders are contingent upon the respective remaindermen surviving the life tenant, and that the plaintiff inherited nothing from her son on his death.

2. That the deed from Wallace F. Maxwell and others is not sufficient in form, and cannot, as a matter of law, convey any contingent interest of the grantors in the property in question.

3. That the brothers and sisters of Henry C. Fagg, or their issue, have or may have an interest in the property in the event of the death of both Mrs. Maxwell and Mrs. Malloy without issue surviving, as they, the said brothers and sisters, or their issue, would then take as the heirs at law of Henry C. Fagg, the ultimate remainderman.

The court gave judgment for the plaintiff, and the defendant appealed.

*Martin, Rollins & Wright for plaintiff.*
*Ruffner Campbell for defendant.*

WALKER, J., after stating the case as above: We have stated only such provisions of the will as relate to the question presented for our decision. The discussion before us took a wide range, and embraced some matters which we do not deem it necessary to consider. We have been favored with a very able and learned argument on both sides, and have been greatly aided thereby in reaching our conclusion, which we will now state.

It appears in the record that every person who has any interest in the land, whether vested or contingent, is a party to the deed, the efficacy of which to pass an indefeasible title to the grantee is the question now before us. Marcellus J. Fagg, the testator, devised his property to his wife for life, for the joint benefit and use of herself and his daughter, Minnie Fagg, and his adopted daughter, Bessie May Fagg, the only child of his brother, Henry C. Fagg; and, subject to this life estate, he then devised certain property to his daughter and adopted daughter for life, and then to their children, the issue of any deceased child to take the share its parent would have taken if living, and he next provided that if either of them should die without child or children the property that would have gone to such child or children, had such been living, should go to the child or children of the survivor of them, and finally he willed that in case both of them should die without issue the property should go to his brother, Henry C. Fagg, and his heirs forever. Mrs. Minnie Fagg Malloy has had one child, Fagg Malloy, who died intestate and without issue, and Mrs. Bessie Maxwell, the adopted daughter, has two living children, both of age and unmarried, three of her children having died intestate and without having married. The husband of the plaintiff died in 1915. Henry C. Fagg died in 1913, leaving only one child and daughter, Bessie Maxwell, surviving him. He also left brothers and sisters. The deed was duly executed by Mr. and Mrs. Maxwell and their two daughters to the plaintiff, Minnie Fagg Malloy.

It can make no difference what interest Fagg Malloy, the son of the plaintiff, acquired in the land under the will, whether vested or contingent. He left no will, and had not conveyed his interest, and his only heir was his mother, who inherited his estate, whatever it was, at his death. If any interest will pass under the will to the children of Mrs. Maxwell, at the death of Mrs. Malloy without child or children, this interest is conveyed by the deed to the plaintiff, as the children of Mrs. Maxwell, Lois Maxwell and Marcella Maxwell, have joined in the execution of the deed, with their father and mother. So far all persons who have any interest under the will, or otherwise, anterior to Henry C. Fagg, have united in the execution of the deed. Now as to his interest. We will treat the case in this connection as if his interest is contingent, upon the death of both Mrs. Malloy and Mrs. Maxwell without child or children, and when so regarded, for the sake of argument, we find that the person who is to take under the will as the ulterior devisee is certain, though the event upon which he is to take may be uncertain, and in such a case, as we will show hereafter, his estate is devisable, descendable, transmissible, and assignable. His estate will remain contingent, as the event upon which it is to become vested and absolute has not happened. But, though it remains contingent, it is transmissible by

descent, and when he died it went to his heirs. He had only one, at the time of his death, and that one is Mrs. Maxwell, his daughter, and she is a grantor in the deed. Her joinder in it passes whatever interest she acquired by descent from her father, Henry C. Fagg, so that there is but a single interest left to be considered, and that is the one as to the possibility that Mrs. Malloy and Mrs. Maxwell may hereafter have a child, or children, and this possibility, while it exists in contemplation of law, is so remote that the parties have agreed to waive it.

We held in *Williams v. Biggs,* 176 N. C., 48, that "however we construe the devise, whether as vesting the estate absolutely in the survivors at the death of James A. Roberson, who died without issue, or as creating successive survivorships, the deed tendered by the plaintiff, who derived his right and title under a deed executed by the three surviving brothers for the land, will convey a good title to the defendant. This is true, because every one who could take an interest under the devise in the will has joined in the deed to certain grantees under whom the plaintiff claims title by *mesne* conveyance, and it is the same as if they had conveyed directly to the plaintiff. In any view of the case, the estate was vested absolutely either in all the surviving brothers, or ultimately will so vest in some one or more of them. If any one of them should die, leaving heirs, his share would descend to such heirs, who, though, would be bound by his deed. Of course, where the heirs, issue, or children are so designated as to take by purchase, under the terms of the will, there is no estoppel or rebutter as they, do not take from their ancestor by descent, but directly from the devisor as purchasers. *Whitesides v. Cooper,* 115 N. C., 570. But whether all the sons die without issue or some die without leaving issue, and others die leaving issue, all parties have joined in the deed who have or will have the title to the land. The plaintiff has derived his title from parties who, if not owners of the land at the time they conveyed it to him, will eventually become the owners in fee simple absolute, and therefore all interest therein has passed to him. It follows that the deed tendered to the defendant will convey to him a good and indefeasible title." And the same was substantially held in *Hobgood v. Hobgood,* 169 N. C., 485, as will appear from this language of *Justice Hoke:* "Pattie Pippin having died without child or children or the descendants of such, the present estate in fee in the entire property is held and owned by Mollie Hobgood, defeasible at her death without child, etc., and in which event the property would go to the ultimate devisees, the Pippin nephews, and all of these having conveyed their interest, title, and estate to Mollie Hobgood, there is no reason, under the terms of the devise, why she should not presently take and receive the entire fund; our decision on the subject being to the effect that when the holders of a contingent estate are specified and known, they

may assign and convey it, and, in the absence of fraud or imposition, when such a deed is made, it will conclude all who must claim under the grantors, even though the conveyance is without warranty or any valuable consideration moving between the parties," citing *Kornegay v. Miller,* 137 N. C., 659.

In our case a valuable consideration was given for the deed. This Court, in *Kornegay v. Miller, supra,* states the doctrine as to the assignability of a contingent interest, and shows that a deed for such an estate, or interest, passes it by way of estoppel, or as an equitable right, which will be recognized and enforced. We refer especially to that case, as it states the principle very clearly and discusses it very fully, citing and reviewing the authorities. In *Fortescue v. Satterthwaite,* 23 N. C., 566, *Justice Daniel* thus refers to the doctrine: "It is true, as stated in the argument, that a possibility cannot be transferred at law. But by a possibility we mean such an interest, or the chance of succession, which an heir apparent has in his successor's estate. . . . Executory devises are not considered as mere possibilities, but are certain interests and estates. In *Jones v. Roe,* 3 T. T., 93, the judges seem to have considered it as settled that contingent interests, such as executory devises to persons who were certain, were assignable. They may be assigned, says *Atherly,* p. 555, both in real and personal estate, and by any mode of conveyance by which they might be transferred, had they been vested remainders."

*Justice Ashe* takes up the subject in *Bodenhamer v. Welch,* 89 N. C., 78, and discusses it with his usual learning and clearness. He says: "Randall Bodenhamer's interest was contingent, depending upon his surviving his mother. It was not, as contended, a mere possibility, but an estate in the land, an executory devise, or rather a contingent remainder, which is a certain interest. A possibility is defined to be 'an uncertain thing' which may happen, or a contingent interest in real or personal estate. Possibilities are divided into, first, a possibility coupled with an interest; this may of course be sold, assigned, transmitted or devised; such a possibility occurs in executory devises and in contingent, springing, or executory uses; and secondly, a bare possibility or hope of succession: this is the case of an heir apparent during the life of his ancestor; it is evident he has no right he can assign, devise, or release. 2 Bouvier Law Dict., 253. That executory devises, contingent remainders, and other possibilities, coupled with an interest, may be assigned is maintained in *Jones v. Roe,* 3 D. & E., 88; *Higden v. Williamson,* 3 P. Wms., 132; 2 Story, 630; *Comehys v. Vasse,* 1 Pet., 193; 7 Texas, 25; *Fortescue v. Satterthwaite,* 23 N. C., 566; and 3 Pars. Const., 475; Burrill Assign., 72; Shep. Touch., 239."

In *Kornegay v. Miller, supra,* at p. 668, the Court says that the assignee acquires an equitable title, not merely the right to enforce an executory contract, and this view is stated with great force in Bispham on Equity (6 ed.), 236, as follows: "The true ground upon which this and similar decisions are to be placed appears to be, that a court of equity enforces such assignments on the ground that the assignee is entitled to have specific performance of the contract to assign, as soon as the property comes into existence, in the hand of the assignor. But it must not be understood by this remark that the assignor's right is merely in the nature of a right to the specific performance of executory contracts, or is to be measured by the limitations by which that equitable remedy is controlled. The assignee's right is something more. It is a present title, not existent at law, but thoroughly recognized in equity; and to that title equity stands ready to give full effect the instant the property comes into being. It is true that neither in equity nor at law can a contract to transfer property, not then in existence, operate as an immediate and complete alienation, for the simple reason that there is nothing which can be immediately transferred. But instantly upon the acquisition of the thing, the assignor holds it in trust for the assignee, whose title requires no act on his part to perfect it. The assignee, therefore, has an equitable title from the time of the assignment." The decision in *Clark v. Cox,* 115 N. C., 94, is very much in point.

The case of *Burden v. Lipsitz,* 166 N. C., 523, is easily distinguished from this one (and from the cases cited by us where the deed was held sufficient to pass the contingent estate), because there the ulterior limitation was to the heirs of the devisor, and it was held that only those who could answer to that description when the contingency happened, and the estate vested, would take under the will, and not the heirs of the devisor at his death. It, therefore, was uncertain who those heirs would be, until the event had occurred which would vest the estate absolutely: This being the case, the deed was held not sufficient to pass an indefeasible title, as it could not then be determined whether all the persons who might have an interest in the land had joined in the deed. But here the ulterior devise is to a person who is certain, viz., Henry C. Fagg. If he had survived and joined in the deed it would be clear that his title or interest, though contingent, passed to the plaintiff, Mrs. Minnie Fagg Malloy. His interest or estate, which came to him under the will, contingent though it was, descended, at his death, to his sole heir, Mrs. Maxwell, who was his daughter, and she took it, not under the will, but by descent (*Whitfield v. Garris,* 134 N. C., 24), as we have said. Her joinder in the deed, as one of the grantors, was as efficacious to pass the contingent interest, which her father took under the will and she ac-

7—179

quired by descent from him, as would his deed have been for the same interest had he lived.   This follows because the interest which the father got under the executory devise, though contingent, or a possibility coupled with an interest, could, as said above, be sold, assigned, transmitted by descent, or devised.   It descended to the daughter, Mrs. Maxwell, when Henry C. Fagg died (*Kornegay v. Morris,* 122 N. C., 199), and was assignable by her, and whoever will succeed her in the line of descent from her father will be bound and concluded by her deed.

The case of *Isler v. Whitfield,* 61 N. C., 492, relied on by the defendant, is materially different from this case.   There the devise of the land was to a grandson, and, if he died without heirs of his body, to go over; it was held that the first taker and the grandson could not convey a good title, because there was an alternative class to take under the last limitation, namely, the grandchildren generally of the testator, and all of them were not parties to the deed, and were not bound by the deed of the specified grandsons.   That is not our case.   *Burden v. Lipsitz, supra,* likewise relied on, is also different, for there the ultimate limitation was to the testator's own heirs, which, it was held, could not be determined until the contingency had happened at the expiration of the life estate. The heirs there took by purchase, or under the will, and not by limitation, while here the devise over is to Henry C. Fagg, and his heirs, and the word heirs is one of limitation, and not of purchase, and the estate of Henry C. Fagg, therefore, descended to his only heir, who was Mrs. Maxwell, and her deed concludes those who will come after her in the line of descent, as we have shown.   The ulterior devisee, Henry C. Fagg, was a certain person designated to take, while the event upon which the vesting of his estate depended was uncertain.   When he died his estate, if vested or contingent, descended to his heir, who took under him and not under the will.   *Clark v. Cox,* 115 N. C., 94, where the principle is fully discussed by *Shepherd, C. J.*

So far we have dealt with the case upon the assumption that there may be contingent interests to be taken into account in passing upon the title to the land.   We will now consider it in the other view presented by the plaintiff, that the estates of the children of Mrs. Malloy and Mrs. Maxwell were vested and absolute interests at the birth of each child, and that the devisor did not intend a dying without issue living at the death of Mrs. Malloy and Mrs. Maxwell, but a dying without having had such issue, and as each of them have had issue, the limitations over to the children of the survivor have failed.   In this view, when Fagg Malloy died, his vested interest went to his mother, his father being dead, and the other interests of Mrs. Maxwell and her children also vested, and passed to Mrs. Malloy by the deed.   If the estate is such as would open to let in the interests of any after-born children of Mrs.

Malloy and Mrs. Maxwell (*Irvin v. Clark,* 98 N. C., 437), this is provided for by the agreement of the parties to waive any defect in the title arising out of the possible birth of any such children. The conclusion here is that if the interests are all absolutely vested, and the limitation over to Henry C. Fagg therefore has failed, by the birth of children to Mrs. Malloy and Mrs. Maxwell, the deed will pass a good title to the purchaser.

We have refrained from passing on the controversy of the parties as to whether the estate was vested absolutely in Mrs. Malloy and Mrs. Maxwell and their children, when born, or whether there is a contingent interest in the children of Henry C. Fagg, as it is not necessary to do so in order to decide the only question before us, which is: Will the deed convey a good title? whether the interests are vested or contingent, and we are of opinion that in either case it will, under the principles we have stated.

Affirmed.