J. ROSCOE LAWSON AND WIFE, ELIZABETH M. LAWSON, INA ROSE LAWSON DENNING AND HUSBAND, BRUCE DENNING; J. ALVA LAWSON AND WIFE, LIZZIE B. LAWSON; AND SADIE LAWSON LONG, WIDOW, PETITIONERS, v. WILLIAM LAWSON AND WIFE, BETTY JAN LAWSON; LEO HAROLD LAWSON, UNMARRIED; KENNETH BRYAN LAWSON AND WIFE, MRS. KENNETH BRYAN LAWSON; BONNIE JEWEL LAWSON, UNMARRIED; AND BARBARA ANN LAWSON WEST AND HUSBAND HUBERT WEST, RESPONDENTS.

(Filed 16 June, 1966.)

**Wills § 34—**

The will in suit devised the property in question to one of testator's children for life and at her death to her children with limitation over, in the event she should die without children, to her brothers and sisters. The life tenant died without issue. *Held:* The limitation over to the life tenant's brothers and sisters was contingent and did not vest until the life tenant died without issue, and therefore only her brothers and sisters living at her death could answer the roll, and children of brothers who predeceased the life tenant have no interest in the land.

MOORE, J., not sitting.

APPEAL by respondents from *Johnson, J.,* January 17, 1966 Civil Session of ROBESON.

Petition for partition. Petitioners, J. Roscoe Lawson, Ina Rose Lawson Denning, J. Alva Lawson, and Sadie Lawson Long allege that each of them owns a one-fourth undivided interest in the land described in the petition and that respondents have no interest in it. Respondent William Lawson alleges that he owns a one-sixth undivided interest in the property; respondents Leo Harold Lawson, Kenneth Bryan Lawson, Bonnie Jewel Lawson and Barbara Ann Lawson West allege that together they own a one-sixth undivided interest. The facts are admitted in the pleadings.

J. Rad Lawson, the father of petitioners and the grandfather of respondents, died testate in March 1950. He devised the land in suit to his daughter, Opal Lawson Long, with the following provision:

"To be hers for and during the term of her natural life, and at her death to her children, if any, in fee simple; if none, to the whole brothers and sisters of my daughter, Opal Lawson Long, in fee simple. Should my daughter, Opal Lawson Long, predecease me, then the lands herein devised shall go to her children, if any, in fee simple; if none, to the whole brothers and sisters of my said daughter, in fee simple."

Opal Lawson Long died in November 1965. She left no children or descendants of children. The whole brothers and sisters who sur-

vived her are the petitioners named above. Respondent William Lawson is the only child and descendant of Earl Lawson, a whole brother who died in 1950. The other respondents are the only children and descendants of Leo Lawson, a whole brother who died in 1953.

Upon these facts, Judge Johnson entered judgment decreeing that petitioners own the described property in fee simple and that respondents have no interests in the land. He ordered that it be sold for partition among petitioners. Respondents excepted to this judgment and appealed.

*David M. & W. Earl Britt for petitioner appellee.*
*Walter Clark, Jr., for respondent appellant.*

SHARP, J. Respondents contend that at the death of the testator, J. Rad Lawson, the six whole brothers and sisters of the life tenant, all of whom were then living, took a vested remainder in the land, and that they, as children of the two whole brothers who predeceased Opal Lawson Long, inherited their interest. The law, however, is otherwise.

This case presents a typical example of a contingent remainder.

> " '*A* devises to *B* for life, remainder to his children but if he dies without leaving children remainder over, both the remainders are contingent; but if *B* afterwards marries and has a child, the remainder becomes vested in that child, subject to open and let in unborn children, and the remainders over are gone forever. The remainder becomes a vested remainder in fee in the child as soon as the child is born, and does not wait for the parent's death, and if the child dies in the lifetime of the parent, the vested estate in remainder descends to his heirs.' "
> 4 Kent's Commentaries, p. 284 quoted in *Blanchard v. Ward,* 244 N.C. 142, 146, 92 S.E. 2d 776, 779.

In *Watson v. Smith,* 110 N.C. 6, 14 S.E. 649, testator devised land to *J* for life, and at *J's* death to such child or children of his that might then be living, but should he die without issue, then to *G, W, H,* and *O* in fee. The Court held that the limitation to *G, W, H,* and *O,* was a contingent remainder. "Alternative remainders limited upon a single precedent estate are always contingent. Such remainders are created by a limitation to one for life, with remainder in fee to his children, issue, or heirs, and, in default of such children, issue, or heirs, to another or others. . . ." 33 Am. Jur., Life Estates, Remainders, etc. § 148 (1941), citing *Watson v. Smith, supra.*

Clearly the interests of the whole brothers and sisters was contingent and could not vest before the death of the life tenant, for not until then could it be determined that she would leave no issue surviving. *Priddy & Co. v. Sanderford,* 221 N.C. 422, 20 S.E. 2d 341. "Where those who are to take in remainder cannot be determined until the happening of a stated event, the remainder is contingent. Only those who can answer the roll immediately upon the happening of the event acquire any estate in the properties granted." *Strickland v. Jackson,* 259 N.C. 81, 84, 130 S.E. 2d 22, 25. Respondents' parents, having predeceased the life tenant, could not answer the roll call at her death.

The judgment of the court below is
Affirmed.

Moore, J., not sitting.