JAMES PERCY DAVIS, IRVIN NICHOLAS DAVIS AND WIFE, MARY E.
PITTMAN DAVIS; DOROTHY DAVIS STEGLAFF (DIVORCED); AVERY
WINSTON DAVIS AND WIFE, IVA THORNHILL DAVIS; SADIE VIOLA
DAVIS McCLENNY AND HUSBAND, SAMUEL F. McCLENNY; CORA
CHRISTINE DAVIS MATSIL AND HUSBAND, MAX MATSIL; FLOR-
ENCE DAVIS; THOMAS ERNEST DAVIS AND WIFE, MYDE ATKIN-
SON DAVIS v. REXFORD DAVIS AND RONNIE DAVIS, MINORS, WITH-
OUT GENERAL OR TESTAMENTARY GUARDIAN IN THIS STATE; WACHOVIA
BANK & TRUST COMPANY, EXECUTOR OF THE ESTATE OF ELIZABETH
BARNES MILLER, DECEASED, AND THE PRIMITIVE BAPTIST CHURCH
OF ORLANDO, FLORIDA; MYRTLE DAVIS AND DOROTHY DAVIS

No. 688SC321

(Filed 5 February 1969)

1. Wills § 69— conveyance by ascertained contingent remainderman

An ascertained remainderman whose interest will take effect only upon
the happening of an event uncertain may convey whatever interest he has
prior to the occurrence of the uncertain event.

2. Wills § 69— conveyance by ascertained contingent remainderman

Where testator devised property to his daughter for life with remainder
to her children or grandchildren, and if she should die leaving no child
or issue of such, then to two named contingent remaindermen, a convey-
ance prior to the death of the life tenant without issue by one contingent
remainderman of all his interest in the property is valid and is binding
upon the heirs of such contingent remainderman.

APPEAL by plaintiffs from *Fountain, J.,* May-June 1968 Session,
Superior Court of WAYNE.

The facts in this case are uncontroverted. John A. Burns of
Wayne County died on 24 September 1916 leaving a will which has
been duly probated and recorded. Under this will the property in
question was disposed of as follows:

"[T]hat part of my home tract in Wayne County bounded on
the North by the Juniper Swamp, on the East by the lands of
Simon and Larry Aycock, on the South by the Pocosin Branch,
on the West by a straight line running with the Big Ditch along
the cross fence between Hickory field and long field" . . . "to
Lizzie Barnes for life and at her death to her children or grand-
children under the same conditions and with the same limita-
tions as fixed for the offspring of Lloyd Barnes in paragraph
second hereof, and if she should die leaving no child or issue of
such, then to my two daughters, Christian Davis and Melissa
Aycock . . ."

On 17 January 1952, Christian Davis, holder of a remainder un-
der the above devise, conveyed by deed all her right, title, and in-

terest in the land in question to Elizabeth Barnes Miller, the life tenant in the above devise (Elizabeth Barnes Miller and Lizzie Barnes are one and the same). The validity of the conveyance is not questioned. Christian Davis died on 3 March 1954.

Lizzie Barnes Miller died on 24 May 1967. By a document purporting to be her will, she devised the property in question to the Primitive Baptist Church in Orlando, Florida.

Plaintiffs in this action are the heirs of Christian Davis. Rexford Davis and Ronnie Davis, minor heirs of Christian Davis, are made defendants. Plaintiffs bring this suit in the form of an action for a declaratory judgment and seek to have the following questions answered:

"Question 1:  What was the intention of John A. Barnes Testator, gathered from the four corners of his Will, regarding the ultimate disposition of the property hereinabove described?

Question 2:  What was the effect, if any, of the deed from Christian Davis to Elizabeth Barnes Miller dated the 17th day of January, 1952, and recorded in Book 380 at page 129 of the Wayne County Registry?

Question 3:  Whether or not the heirs of Christian Davis have any interest in the afore-described land?"

These questions were answered by the judge below as follows:

"Answer to Question No. 1:  The intention of John A. Barnes, as gathered from the four corners of his will regarding the ultimate disposition of the property referred to in the Complaint was to give to his daughter, Elizabeth Lizzie Barnes Miller, a life estate and if she should die leaving no issue surviving, then to this two (2) daughters, Christian Davis and Melissa Aycock.

Answer to Question No. 2:  The effect of the deed from Christian Davis to Elizabeth Barnes Miller, dated the 17th day of January, 1952, and recorded in Book 380 at page 129 of the Wayne County Registry, was to convey to said Elizabeth Barnes Miller a one-half (½) undivided interest in said land in fee simple, subject to the life estate of Elizabeth Barnes Miller.

Answer to Question 3:  The heirs of Christian Davis have no interest in said land and this holding is not inconsistent with the will of John A. Barnes."

Plaintiffs excepted to each of these answers, and assigned as error the finding of the court below that Elizabeth Barnes Miller

owned a one-half interest in the property in question following the conveyance of Christian Davis, as being contrary to law.

*Sasser, Duke and Brown by J. Thomas Brown, Jr., for plaintiff appellants.*

*Braswell and Strickland by David M. Rouse for Rexford Davis and Ronnie Davis, minor defendants who join appellants.*

*Taylor, Allen, Warren and Kerr by W. R. Taylor for defendant appellees.*

MORRIS, J.

[2]    The will of John A. Barnes is clear and unambiguous. There is a devise to Lizzie Barnes for life, remainder to her children or grandchildren; and, if she should die leaving no child or issue of such, then to Christian Davis and Melissa Aycock. There is no controversy as to the type of remainder held by Christian Davis and Melissa Aycock; it is agreed that they held a contingent remainder. However, the appellants argue that Christian Davis, prior to the death of Elizabeth Barnes Miller without issue, had no transmissible interest in the property, and her deed was in fact a nullity and did not pass any interest to Elizabeth Barnes Miller. Therefore, the devise to the Primitive Baptist Church of Orlando, Florida, had no effect.

[1]    As we view the matter, the validity of the plaintiffs' claim to the property hinges upon this question — may an ascertained remainderman, whose interest will take effect only upon the happening of an event uncertain, convey whatever interest he has prior to the occurrence of this uncertain event? If this question is answered in the affirmative, then the heirs of Christian Davis, the plaintiffs and minor defendants, have no interest in this property because of the deed executed on 17 January 1952.

In *Fortescue v. Satterthwaite,* 23 N.C. 566, T devised property to N, S, and J. It was provided that if N, S, or J should die without issue, then his property was to go to the survivors. J first died, then N died without issue, leaving S as the survivor. Prior to the death of N, S, who is the plaintiff, and her husband had conveyed the interest of S in the property to N, the defendant. Speaking on the right of the defendant to introduce this bill of sale into evidence, the Court says:

"It is true, as stated in the argument, that a possibility cannot be transferred at law. But by a *possibility* we mean such an in-

terest, or the chance of succession, which an heir apparent has in his ancestor's estate; which a next of kin has of coming in for a part of his kinsman's estate; which a relation has of having a legacy left him, etc. Such interests as these, we conceive, are the true technical *possibilities* of the common law. 2 P. Wil., 181; *Whitfield v. Faucet,* 1 Ves., 381; Atherley on Mar. Sett., 57. But executory devises are not considered as mere *possibilities,* but as *certain interests* and *estates. Gurnel v. Wood,* Willes, 211; *Jones v. Roe,* 3 Term, 93. In the last case the judges seem to have considered it as settled that contingent interests, such as executory devises to persons who were certain, were assignable. They may be assigned (says Atherley, p. 55) both in real and personal estate, and by any mode of conveyance by which they might be transferred had they been vested remainders."

In *Bodenhamer v. Welch,* 89 N.C. 78, the testator devised property to his wife for life and after her death, to his children then living. One of the testator's sons who survived the testator's wife had filed a petition in bankruptcy, and his interest had been assigned to the defendant. The question before the Court was the validity of this assignment. Speaking of the son's interest, the Court said:

"His interest was contingent, depending upon his surviving his mother. It was not as contended, a mere possibility, but an *estate* in the land, *an executory devise,* or rather a contingent remainder, which is a *certain* interest. A possibility is defined to be 'an uncertain thing' which may happen, or a contingent interest in real or personal estate. Possibilities are divided into, first, a possibility coupled with an interest: this may of course be sold, assigned, transmitted or devised: such a possibility occurs in executory devises and in contingent, springing or executory uses; and secondly, a bare possibility of hope of succession: this is the case of an heir apparent during the life of his ancestor: it is evident he has no right he can assign, devise or release. 2 Bouvier Law Dict., 253.

That executory devises, contingent remainders and other possibilities coupled with an interest may be assigned, is maintained in *Jones v. Roe,* 3 D. & E., 88; *Higden v. Williamson,* 3 P. Wms., 132; 2 Story, 630; *Comegys v. Vasse,* 1 Pet., 193, 7 Texas, 25; *Fortescue v. Satterthwite,* 23 N.C., 566; and 3 Pars. Cont., 475; Burrill Assign., 72; Shep. Touch., 239."

In *Watson v. Smith,* 110 N.C. 6, 14 S.E. 640, the devise very closely resembled that involved in the present case. The Court said the question presented was ". . . whether the interests of such de-

visees are assignable by deed, either in law or equity. . . . What interests did these last named persons [the same as Christian Davis and Melissa Aycock in the present case] take under the will?" The Court first lent itself to the question of what type of remainder was involved and concluded that this was a contingent remainder. Then the Court held that the interest may be assigned in equity.

> "Taking the limitation to be either a contingent remainder or an executory devise, we are of opinion that the interest of George Watson and others [the same as the interest of Christian Davis and Melissa Aycock] was at least 'a possibility coupled with an interest' . . . and its assignment for a valuable consideration and free from fraud or imposition, while void in law, will be upheld in equity. . . . In *Bodenhamer v. Welch,* 89 N.C., 78, it is held that such an interest may be assigned (we suppose an equitable assignment is meant), and we are of the same opinion; *but even if this were not so, it is clear that the assignment in question, if treated as an executory contract, may be specifically enforced against the assignors and their heirs, should the life tenant die without issue . . .*
>
> The plaintiff, the life tenant, has by the assignment acquired an equitable right to the interest of the said remainderman. He is a single gentleman, about 80 years of age, and the defendant is willing to take the risk of his marrying and leaving issue, *provided the assignment of the remaindermen is effectual to bind them and their heirs. We have seen that such is its effect . . .*" (Emphasis added.)

In *Kornegay v. Miller,* 137 N.C. 659, 50 S.E. 315, testator devised land to A & J in trust. If either died without issue, his share was to pass to the survivor, and if both died without issue, then the income was to go to the testator's wife. The Court held that the contingent interest of the testator's wife could be conveyed by her deed. The Court held that the assignment may be specifically enforced against the assignors and their heirs. Although not necessary to the holding of the case (that a contingent remainderman may convey his interest to the detriment of his heirs), the Court goes on to say that the assignee holds a present interest ". . . not existent at law, but thoroughly recognized in equity; and to that title equity stands ready to give full effect the instant the property comes into being . . . instantly upon the acquisition of the thing, the assignor holds it in trust for the assignee, *whose title requires no act on his part to perfect it.* The assignee, therefore, has an equitable title *from the time of the assignment.*"

In *Hobgood v. Hobgood,* 169 N.C. 485, 86 S.E. 189, our Supreme Court again held that a contingent interest could be conveyed stating, ". . . our decisions on the subject being to the effect that when the holders of a contingent estate are specified and known, they may assign and convey it, and, in the absence of fraud or imposition, when such a deed is made, it will conclude all who must claim under the grantors, even though the conveyance is without warranty or any valuable consideration moving between the parties."

*Malloy v. Acheson,* 179 N.C. 90, 101 S.E. 606, and *Seawell v. Cheshire,* 241 N.C. 629, 86 S.E. 2d 256, are other cases in which our Supreme Court has held that a contingent remainder may be assigned where the ultimate taker is ascertained.

[2]   In the present case, Christian Davis was to take only upon the death of the life tenant without issue. The remainder to Christian Davis was contingent not because of the uncertainty of the person who was to take, but because of the uncertainty of the event. The cases cited above establish that an assignment by such a remainderman is valid and is binding upon the heirs of the assignor. This being true, the conveyance by Christian Davis to Elizabeth Barnes Miller cut off any interest the heirs of Christian Davis may have had in the property in question. The judgment below is

Affirmed.

MALLARD, C.J., and CAMPBELL, J., concur.