DOUGLAS L. RAWLS v. CULA R. EARLY AND J. GUY REVELLE, JR. AND ELMA WILLIAMS, CAROLYN O. HOLLOWELL, DAVID LEE HOLLOWELL, ELEANOR O. LEMMOND, THOMAS ALLAN LEMMOND, SHIRLEY O. BRYANT, JOE ROGERS BRYANT, ADOLPH ODOM, MOLLIE WHITE ODOM, GEORGE ODOM, DARNELL HEDGEPETH ODOM, E. J. HARRELL, JAMIE JO ODOM, AND AMANDA JO EVANS

No. 886SC867

(Filed 18 July 1989)

1. **Wills § 34.1— contingent remainder interest of ascertained remainderman—conditions to which interest was subject**

    The contingent remainder interest of an ascertained remainderman in this case was subject to the condition precedent of the life tenant not being survived by children, but her interest was not also subject to an implied condition of the remainderman surviving the life tenant.

2. **Wills §§ 34.1, 35.4— contingent remaindermen—survival requirement—class treated different from ascertained individuals**

    *Lawson v. Lawson*, 267 N.C. 643, and other cases which imply a survival requirement on members of a class who are contingent remaindermen do not apply to devises in which the contingent remainder is to ascertained individuals.

APPEAL by petitioner from *Watts (Thomas S.), Judge.* Judgment entered 28 April 1988 in Superior Court, HERTFORD County. Heard in the Court of Appeals 15 March 1989.

*Joseph J. Flythe for petitioner-appellant.*

*Revelle, Burleson, Lee & Revelle, by L. Frank Burleson, Jr., for respondent-appellee J. Guy Revelle, Jr.*

*Leahy & Moore, by Charles A. Moore, Guardian Ad Litem for respondent-appellee Jamie Jo Odom.*

*James D. Riddick, III, Guardian Ad Litem for respondent-appellee Amanda Jo Evans.*

GREENE, Judge.

Petitioner, Douglas L. Rawls, filed an action against respondent, Cula R. Early, seeking to partition a certain tract of land located in Hertford County on the ground that petitioner and respondent own the land jointly. Respondent filed an answer requesting the partitioning be denied. A motion to intervene filed by the administrator of the Norman Ray Odom estate was granted by the court. The heirs at law of Norman Ray Odom were then joined as additional respondents. The intervenor respondent prayed that the court enter a judgment declaring the respective rights, status, and other legal relations of all the parties under the will of Telie M. Odom.

Telie M. Odom died testate on 22 January 1963. In the third paragraph of her Last Will and Testament, executed 1 May 1956, testator devised all her land to her only child, Norman Ray Odom for life:

THIRD, I give and devise to my beloved son Norman Ray Odom all real estate which I may own at the time of my death for the term of his natural life, and if he has children then to his said children in fee simple, and if the said Norman Ray Odom shall die and does not leave children living at the time of his death, then I give and devise my said real estate to Izetta Rawls, my niece, in fee simple.

Norman Ray Odom went into possession of the disputed land after the death of his mother and remained in possession until his death on 15 January 1985. He died without children. Izetta Rawls died on 21 September 1978 without having conveyed the interest she owned in the disputed land. She was survived by Ethel Rawls and Cula R. Early as her only heirs at law. Telie M. Odom's will contained no residuary clause.

RAWLS v. EARLY

[94 N.C. App. 677 (1989)]

On or about 19 November 1986, Ethel Rawls executed a deed purporting to convey to Douglas L. Rawls, the petitioner, a one-half undivided interest in the land. This deed was recorded in the office of the Register of Deeds for Hertford County on 19 November 1986. Based upon this deed, petitioner filed this partition action.

The case was tried without a jury in Hertford County. At trial, the final pre-trial conference order, the deed conveying the property in question to Telie M. Odom, testator, the will of Telie M. Odom, a copy of the deed purporting to convey a one-half undivided interest in the property from Ethel Rawls to petitioner Douglas L. Rawls, and the admissions of the pleadings were admitted into evidence. On the foregoing evidence, the trial court made the following Conclusions of Law:

1. The interest of Izetta Rawls under the will of Telie M. Odom was contingent.

2. That contingent interest did not vest because Izetta Rawls died before Norman Ray Odom.

3. The real estate . . . did not descend to Ethel Rawls and Cula R. Early upon the death of Izetta Rawls before the death of Norman Ray Odom.

4. The . . . [deed] recorded . . . in the office of the Register of Deeds for Hertford County did not convey to Douglas L. Rawls any interest in the real estate . . . because Izetta Rawls and her heirs had no interest in the property after her death on September 21, 1978.

5. The heirs at law of Norman Ray Odom own the real estate . . . to the exclusion of Douglas L. Rawls and Cula R. Early . . . .

The trial court entered an order consistent with the Conclusions of Law. Petitioner Douglas L. Rawls appeals.

---

[1] The following issue is presented for review: whether in addition to being subject to the condition precedent of the life tenant not being survived by children, the contingent remainder interest of an ascertained remainderman is also subject to an implied condition of the remainderman surviving the life tenant.

Petitioner argues on appeal that the trial court erred in concluding the remainder created in Izetta Rawls was contingent. Petitioner contends Izetta Rawls' remainder was vested and therefore she was not required to survive Norman Ray Odom in order for her interest to vest. Accordingly, he asserts he has a valid one-half undivided interest in the land as Izetta Rawls' heir, Ethel Rawls, conveyed the land to him by deed. While we disagree with petitioner and hold that Izetta Rawls' remainder interest was contingent, for reasons discussed below, we agree that petitioner has a valid one-half undivided interest in the land. Accordingly, the judgment is reversed.

A remainder is "an estate limited to take effect in possession immediately after the expiration of a prior estate created at the same time and by the same instrument." 2 N. Wiggins, *Wills and Administration of Estates in North Carolina* Sec. 280 at 124 (2d ed. 1983) (citations omitted). A contingent remainder is a remainder which is "*either* subject to a condition precedent (in addition to the natural expiration of prior estates), *or* owned by unascertainable persons, *or both*." T. Bergin & P. Haskell, *Preface to Estate in Land and Future Interests* at 73 (1984) (emphasis in original). In this case, Norman Ray Odom had a life estate. The future interest created in his children was a contingent remainder because it was subject to the condition precedent of the children being born and was therefore owned by unascertainable persons. *See Davis v. Davis*, 3 N.C. App. 536, 165 S.E. 2d 553 (1969) (example analogous to case at bar which holds the remainders are contingent). The future interest created in Izetta Rawls is likewise a contingent remainder because it is subject to the condition precedent of Norman Ray Odom not being survived by any children. In this situation, Izetta Rawls is said to have an *alternative* contingent remainder. T. Bergin & P. Haskell, *supra*, at 73.

This case is governed by this court's holding in *Davis*, 3 N.C. App. 536, 165 S.E. 2d 553. In *Davis*, the devise was similar to the one involved in the present case. *Id.* The testator in that case devised his property to his daughter "Lizzie . . . for life . . . and if she should die leaving no child or issue of such, then to my two daughters, Christian . . . and Melissa . . . ." *Id.* at 536, 165 S.E. 2d at 554. Christian conveyed her interest in the land to Lizzie, the life tenant, and then predeceased Lizzie. *Id.* at 536-37, 165 S.E. 2d at 554. The court held that the conveyance to Lizzie was valid and the heirs of Christian had no interest in the land.

*Id.* at 541, 165 S.E. 2d at 557. The court based its decision on our Supreme Court's holdings in other cases that "a contingent remainder may be assigned *where the ultimate taker is ascertained*" and ". . . when the holders of a contingent estate are specified and known, they may assign and convey it . . . ." *Id.* at 541, 165 S.E. 2d at 557 (emphasis added); *see Hobgood v. Hobgood*, 169 N.C. 485, 86 S.E. 189 (1915); *Malloy v. Acheson*, 179 N.C. 90, 101 S.E. 606 (1919); *Seawell v. Cheshire*, 241 N.C. 629, 86 S.E. 2d 256 (1955). In that case, Christian's remainder was contingent, "not because of the uncertainty of the person who was to take, but because of the uncertainty of the event." *Id.* In the present case, as the ultimate taker, Izetta Rawls, is ascertained, her alternative contingent remainder interest is validly conveyed to the petitioner.

The respondents argue that in order for Izetta Rawls to have an interest to convey she must survive the life tenant. The respondents base their argument on *Lawson v. Lawson*, 267 N.C. 643, 148 S.E. 2d 546 (1966). In *Lawson*, the devise was "to [my Daughter for] her natural life, and at her death to her children, if any, in fee simple; if none, to the whole brothers and sisters of my daughter, . . . in fee simple." *Lawson*, 267 N.C. at 643, 148 S.E. 2d at 547. The Court in *Lawson* implied a survival requirement on the alternative contingent remaindermen and held only those who can " 'answer the roll immediately upon the happening of the [stated] event acquire any estate in the properties granted.' " *Lawson*, 267 N.C. at 645, 148 S.E. 2d at 548 (quoting *Strickland v. Jackson*, 259 N.C. 81, 84, 130 S.E. 2d 22, 25 (1963) ). Accordingly, the *Lawson* Court held that only the "whole brothers and sisters" alive at the death of the life tenant acquired any interest and the heirs of any predeceased brother or sister acquired nothing. *Id.*

[2] The *Lawson* case is distinguishable from the present case and from *Davis* in that *Lawson* involved an alternative contingent remainder to a class. North Carolina courts have seemed to apply different rules of survivorship according to whether the contingent remainder interest was a class gift or a gift to ascertained individuals. Professor Roberts notes that "[i]n cases in which the donees have been named individually, courts are not as inclined to imply a survival requirement." Roberts, *Class Gifts in North Carolina—When Do We "Call the Roll?,"* Wake Forest L. Rev. Vol. 21, No. 1, p. 13 (1985). Therefore, we conclude *Lawson* and other cases which imply a survival requirement on members of

a class who are contingent remaindermen do not apply to devises in which the contingent remainder is to ascertained individuals. *See* L. Simes, *Handbook of the Law of Future Interests* Sec. 96, p. 195 (2d ed. 1966) (no implied condition of survivorship in order for the named individual holder of an alternative contingent remainder to take).

Accordingly, we reverse the order of the trial court and hold the petitioner has a valid one-half interest in the land as Ethel Rawls inherited the property from Izetta Rawls, an ascertained contingent remainderman, and then made a valid conveyance of her one-half interest to the petitioner.

Reversed.

Judges EAGLES and COZORT concur.